# SAMUEL KELLY

*v.*

# CHARLES C. AUSTIN.

1. FIXTURES—*concerning improvements made by a mortgagor and a stranger—temporary merely—may be removed.* A executed a mortgage upon certain premises to B, and afterwards, together with his partner in trade, erected a building on the same, for trade purposes. The structure was built with the means of the firm, and in no manner permanently fixed to the freehold: *Held*, that the building being merely a temporary one, and erected for trade purposes, the mortgagee acquired no interest therein, and could not inhibit its removal.

2. SAME—*when permanent—cannot be removed without the mortgagee's consent.* But where a fixture, permanent in its character, is erected upon mortgaged premises, with the intention of so remaining, it cannot be removed without the mortgagee's consent.

3. SAME—*how far the intention of a party at the time of making the improvement—fixes its character.* Although the question, whether structures are real or personal estate, cannot always be determined by the known intention of the party

erecting the building, yet, in cases of doubt, it will have a controling influence in fixing its character.

4. SAME—*when equity will not interfere to prevent removal of.*    Equity will not interfere to prevent the removal of temporary structures erected by a mortgagor upon the mortgaged premises, prior to the foreclosure of the mortgage, when such structures are not permanently attached to the freehold.

5. SAME—*when made by a lessee—the law favors those made for trade purposes— and of the distinction in certain cases.*    Where a lessee has made improvements upon the premises for trade purposes, the intention with which such improvements were made, will be considered in determining the question whether they are real or personal estate, and, if of a temporary character, and not permanently attached to the soil, he may remove them at any time during his term.  The promotion of trade is favored in the law, and fixtures, which in the case of a lessee, would be deemed personal estate, and allowed to be removed, might as between an executor and heir, vendor and vendee, be held to constitute a part of the freehold.

APPEAL from the Superior Court of Chicago.

This was a bill in chancery, filed by the appellee in the court below, against the appellant, to restrain the removal of a carpenter shop off certain premises which had been previously mortgaged by appellant to one Aaron Gibbs. After the execution of the mortgage, the appellant formed a co-partnership with one Stephen M. Bowie, for the purpose of carrying on the carpenter and joiner business, and this firm, with the means of the firm, erected on the premises the shop in question, for trade purposes, which building, was purely temporary in its character, and in no wise permanently attached to the freehold.    Gibbs foreclosed his mortgage under a power of sale contained therein, and appellee became the purchaser.    Afterwards, appellant commenced preparations to remove the building off the premises, when appellee filed the bill to enjoin the removal; upon final hearing, the court below decreed a perpetual injunction against appellant.

Messrs. HERVEY, ANTHONY & GALT, for the appellant.

Mr. M. W..ROBINSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This record presents the question, whether the building erected upon the lot, which was sold under the mortgage, was permanent and fixed in its character, and formed a part of, and passed with, the ground when it was sold; or, was it temporary, and so far detached as not to form a part of the realty?   It was placed on the lot several months after the mortgage was given, by the mortgagor and his partner, in the house joiner business.   It was placed on the lot by the firm for the use of their business.     It seems to have been made of rough materials, slightly built, placed upon blocks resting on boards laid on the surface of the ground.     It was not placed on a stone or brick foundation, and in no manner let into the ground; and from the evidence, it would seem to be manifest, that it was not intended to be permanent in its character, or to have been placed there as an improvement of the lot, but simply to answer the convenience of the partnership.

It seems that it was not constructed with the funds of the mortgagor, but with labor, material and means of the firm; and if it did not become a part of the real estate, it was a chattel owned by the partnership.     Had the building been of a permanent character, or had it been placed there with the intention of permanently remaining, then it could not be severed without the consent of the mortgagee.     Or had it been placed on the lot by the mortgagor, with his own means, it might have presented a different question.     But from the character of the structure, and the purpose for which it was employed, it would seem that it was not designed for any other than a temporary use, and to be removed from the lot when the object of its erection was accomplished.

While the intention alone will not always determine whether such structures are real or personal estate, it will

have a controling influence in cases of doubt. Here, the property of a stranger to the mortgage, to the extent it belonged to the partner of the mortgagor, was placed on this lot. And no one could claim that he could have intended it to become fixed, and a part of the real estate, especially when we see the apparent effort and care observed, that it should not become attached even so slightly as by the blocks upon which it rested sinking into the soil. That seems even to have been guarded against, so that there could be no claim that it had become attached, and formed a part of the realty.

Even a mortgagor may make temporary erections, if they are not attached to the freehold, and remove them, before the mortgage is foreclosed, if he does not depreciate the value of the security, as it existed when the mortgage was given. In such a case, a court of equity would not interfere to restrain its removal; much less to prevent the removal of such an erection, when placed there by a third party. In this case, the mortgagee has no claim, legal or equitable, to the money or labor of Kelly, expended in building this house. Nor does it appear that its removal would not still leave more property obtained under the foreclosure of the mortgage, than is amply sufficient to pay the mortgage debt. But if there was not, the mortgagee gets all that was covered by his mortgage, and Kelly is under no moral or legal obligation to make it good.

The law has always been liberal in the promotion of trade, by allowing the lessee to remove trade fixtures, which, as between executor and heir, and vendor and vendee, would be held to constitute a part of the realty. Hence, the law in such cases considers the intention with which they were placed on the land. If erected for the purposes of trade, and not permanently attached to the soil, they might be removed during the term. In this case, the evidence shows that this building was erected to be used as a shop, wherein the business of a firm of house-joiners, manufactured or prepared

materials for buildings; and being temporary in its character, and not permanently fixed to the soil, and Kelly being the owner of an undivided half, we have no doubt, that it might be removed against the wishes of the mortgagee. It is the same as if the mortgagor had licensed a stranger to place it there, with the right of removal. It then follows that the court below erred in rendering a decree restraining its removal. The decree is reversed and the cause remanded.

*Decree reversed.*