## HERMAN BERGER
### v.
## HENRY HOERNER.

*Landlord and Tenant—Trade Fixtures—Time of Removal.*

1.  A bar counter and shelf placed in a building by the tenant for the purpose of conducting a saloon, and attached to the realty so that they can be removed without injury to the premises, are trade fixtures and do not pass with the realty.

2.  What is a reasonable time within which trade fixtures should be removed is a question of fact for the jury under the instructions of the court.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Bureau County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. CHARLES K. LADD, for appellant.

Messrs. ECKELS & KYLE and ALFRED R. GREENWOOD, for appellee.

UPTON, P. J. This suit was begun in a justice court. The action was replevin. The property sought to be obtained thereby was a saloon bar counter and a back bar shelf, of the value of about $25 in the aggregate. Appellee obtained a

Berger v. Hoerner.

judgment before the justice of the peace, and on appeal to the Circuit Court the case was heard with a jury, who, on hearing, rendered a verdict for the appellee, upon which judgment was entered and a further appeal was taken to this court, after overruling a motion for a new trial.

The errors complained of may be considered under two heads, viz.: 1st. The court erred in its instructions to the jury, and in admitting improper evidence. 2d. The verdict and judgment are not warranted by the evidence on the law of the case.

First. It is conceded that the articles in question belonged to and were the property of the appellee, Henry Hoerner; that Hoerner loaned them to Michael J. Murry, to use in a *saloon*, occupied by Murry as lessee, which saloon, when leased, had no furniture. The saloon building was leased to Murry by the owner thereof, one W. H. Miner. About one year after executing the lease, Miner sold the saloon building to Levi Watterman. Murry remained as his tenant for about one year, and at the expiration of that time sold out his effects, except the property in question, to Watterman. Watterman was informed that the property in question belonged to appellee, and was obtained of him by Murry in the manner before stated.

Appellant was the lessee and occupant of the saloon at the time of the suit brought, as tenant of Watterman. Demand was made for the articles in question of Berger before suit brought, and he was directed by Watterman not to deliver them to the appellee.

The counter was an old one, and kept in place by two iron braces attached to it, and nailed or screwed to the floor of the room. It had been moved several times and could be removed without difficulty or damage to the building. The shelf was 3 feet 4 inches long, of soft wood, attached by a nail or nails to the wainscoting, and could also be removed without damage to the building. These articles were placed in the saloon by the tenant for the purpose of his business or trade as a saloon keeper, and expressly to enable him to sell the beer manufactured by the appellee, and this was known to the owner of the building, his landlord.

As such trade fixtures the tenant had the right of removal thereof during the existence of his lease, or within a reasonable time after the expiration thereof. This rule of law is too well understood to require a citation of authorities in its support. In such case, even if attached to the building, such articles do not become fixtures as between landlord and tenant.

What was a reasonable time to remove the articles in question by the outgoing tenant or the tenants thereof, was a question of fact for the jury under the instructions of the court, in view of all the evidence and the circumstances proven in the case.

We feel impelled to hold that the evidence in this case, when considered in reference to the doctrine of fixtures, as stated in the elementary treatise upon this branch of the law, as well as the whole current of adjudicated cases in the courts of this State, clearly establish that the articles in question were of a temporary character, put up and placed in that saloon building by the tenant thereof, alone for the purpose of trade, and with no intention on the part of the landlord or the tenant that the same were so placed as a permanent attachment or accession to the freehold, and that such articles were therefore personal, and not real estate, and did not pass by the conveyance to Watterman.

In the late case of Chapman v. Union Mutual Life Ins. Co., 4 Ill. App. 35, the rule is tersely stated as follows:

"Chattels become real estate when they are annexed to the freehold *under such circumstances* that it *clearly appears* from an inspection of the property itself, taking into consideration the character of the annexation, the nature and adaptation of the articles annexed to the uses and purposes of the freehold at the time the annexation was made, and the relation of the party making it to the freehold in question, that a *permanent accession was intended to be made by such annexation.*"

In cases of doubt *great weight* must be given to the actual or presumed *intention* of the parties enacting or placing the articles claimed as fixtures. Doodey v. Grist, 25 Ill. 551; Kelley v. Austin, 46 Ill. 156 ; Ogden v. Stock, 34 Ill. 522 ; Otis v. May, determined by this court May term, 1889, which

was affirmed by the Supreme Court October, 1889; see also Ewell on Fixtures, Sec. 290, Landlord and Tenant; see also Calumet Iron and Steel Co. v. Lathrop, determined by this court opinion filed May term, 1890, and cases cited.

Further citations are deemed unnecessary. We find nothing in the instructions of the court which militates in the least against the views above expressed, but they are in entire harmony therewith, and we think the refused instructions were properly refused, and in the admission or exclusion of evidence no error was committed by the trial court.

Second. We have examined the evidence in the record with care, and we are fully satisfied that the jury were justified thereby in the verdict rendered, and that both the verdict and the judgment of the Circuit Court thereon, were fully warranted by the facts in the case and the law as applicable thereto, and that substantial justice has been done.

Perceiving no error in the record before us, the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*