## John Crerar v. Edwin F. Daniels.

1. FIXTURES—*When Planking of a Dock Are Not.*—Plaintiff leased a dock for one year. It was not planked and he immediately planked the entire dock by laying stringers upon the ground and nailing planks to these stringers. When necessary, earth was filled under and alongside of these stringers and in course of time many of the stringers became imbedded in the earth, but the stringers were not in any other way attached to the dock. The cost was nearly $2,000. The plank could at any time be removed without injury to the realty. *Held,* that the planking did not become a part of the realty nor even a trade fixture, but remained personal property.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed October 9, 1903.

GOODRICH, VINCENT & BRADLEY, attorneys for appellant.

TENNEY, MCCONNELL, COFFEEN & HARDING, attorneys for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

May 1, 1893, appellee leased from the Illinois Central Railroad Company, by written lease for the term of one year, a dock, and such lease was afterward extended to May 1, 1897. Appellant in May, 1897, leased said dock by written lease executed May 20th, but which was dated and by its terms took effect May 1st. In each of said leases it was provided that the demised premises should be used as

Crerar v. Daniels.

a coal yard and that any building required thereon should be done at the expense of the tenant and there was no stipulation in either lease for the removal of improvements.

When appellee leased the dock it was not planked and he immediately planked the entire dock by laying stringers upon the ground and nailing planks to these stringers. Where necessary, earth was filled under and alongside of these stringers and in course of time many of the stringers became embedded in the earth. The stringers were not in any other manner attached to the dock. It required 170,000 feet of lumber to plank the dock, and worn out planks were replaced by appellee with new planks up to May 1, 1897.

There were negotiations between appellee and the railroad company for a renewal of the lease after May 1, 1897, in the course of which the officers of the railroad company stated to appellee that the company made no claim to the planking but regarded the same as appellee's property and preferred that it should be removed.

It was not until May 23d that appellee decided to move to another dock and so notified lessor. At that time appellee had a considerable quantity of coal on the dock which remained there until August 2, 1897, when it was removed by him under a writ of replevin sued out against appellant. Early in July, 1897, appellee attempted to remove the planking from the dock but was prevented from doing so by appellant. A long correspondence followed, in the course of which appellee sent bills for the planking to appellant and appellant sent bills for the rent of that portion of the dock occupied by the appellee's coal to appellee, and one of the latter contained an item of credit to appellee of $750 for the planking in question. The parties failed to come to an agreement and appellee brought an action in assumpsit against appellant for the value of the planking, and upon a trial by the court, recovered a judgment for $600, to reverse which this appeal is prosecuted.

The court below in effect held that under the evidence the planking did not become a part of the realty nor even

a trade fixture, but remained personal property. This finding of the court below, if proper from the evidence, is conclusive; for if the planking remained personal property appellee clearly had the right, upon appellant's refusal to permit its removal, to recover its value in assumpsit.

In our opinion the finding is correct and sustained by the evidence. The stringers were not laid upon a wall, or on posts let into the ground. They were not let into the ground in any manner except as they gradually sank into it by the weight placed upon them, and they, with the planking, could at any time be removed without injury to the realty. The planking was put down by a tenant at an expense to him of nearly $2,000, under a lease for a single year. The lessor, after the termination of the lease, made no objection to the removal of the planking and assented to the lessee's claim that it was personal property.

In Kelly v. Austin, 46 Ill. 156, a house without a permanent foundation and resting upon blocks and boards was held to be a chattel. In this case our Supreme Court say:

" While the intention alone will not always determine whether structures are personal or real estate, it will have a controlling influence in cases of doubt."

The objection that the evidence is not sufficient to support the finding and judgment as to damages is also without merit.

The judgment of the court below will be affirmed.