# Chalifoux & Co. v. Potter.

*Action of Trover.*

1. *Landlord and tenant; fixtures may be personalty for the conversion of which trover will lie.*—By contract between a landlord and his tenant, fixtures to be added to the premises by the tenant during the term of his lease may be prevented from becoming a part of the realty, whatever may be their chacacter; and for the conversion of such fixtures an action of trover can be maintained.

2. *Same; same; removal must be made within reasonable time.*—Where a contract of lease provides that certain fixtures to be erected by tenant shall remain his property and be removed by him at the termination of the lease, such fixtures should be removed within a reasonable time after the expiration of the lease; and a delay of four days after the expiration of the term, during which time there was pending a negotiation between the tenant and a new lessee, as to a sale of the fixtures, is not such an unreasonable time as will raise the presumption that the tenant had forfeited or surrendered the fixtures to the landlord or the new lessee; and upon the refusal of the landlord to allow the tenant to remove such fixtures, the latter can maintain an action of trover for their conversion.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

On the 30th day of December, 1889, Chalifoux & Co. entered into a contract of lease with Mark L. Potter, as their landlord, for a certain store house in Birmingham, Ala., for a term of six years, from the 1st day of August, 1890, to the 30th day of September, 1895. The lease was in writing, and in addition to the usual covenants, contained the following: "It is further agreed and contracted by the parties hereto that any fixtures which

may be put into said premises by the party of the second part, at his own cost, shall remain his property, with the right to remove the same." Chalifoux & Co. was the party of the second part; and after taking possession of the store-house, under the lease, erected therein, certain fixtures, for the conversion of which this suit was brought, at their own cost. The said storehouse was leased by Chalifoux & Co., to be used as a clothing store, and the fixtures were adapted to that purpose.

On the 15th day of May, 1893, by the consent of Mark L. Potter, Chalifoux & Co. sub-leased it to M. Weil & Bro., a partnership, for the unexpired term of the original lease. This contract was also in writing, and in addition to the usual covenants, contained the following: "That the parties of the second part can use, free of rent, the fixtures contained therein until the expiration of this lease, but to remain the property of the party of the first part, with the right to remove the same at the termination of this lease. It is further contracted by and between the parties of the first and second part, that the parties of the first part shall insure all fixtures owned by them, and herein leased by them to parties of the second part, against loss by fire, in their own name, at a fair and reasonable value, and the parties of the second part contract to pay the parties of the first part all amounts so expended by them; to be insured for $300, during this lease only." In this contract Chalifoux & Co. were the party of the first part, and M. Weil & Bro. the party of the second part. M. Weil & Bro. were also engaged in the clothing business, and leased said storehouse for the purpose of carrying on that business. They took possession of it immediately after the execution of the contract of lease with Chalifoux & Co.; occupied it until the termination of said lease, to-wit, the 30th of September, 1875; used the fixtures that Chalifoux & Co. had erected therein, and kept them insured for the benefit of Chalifoux & Co. Just before the expiration of the lease, there were some negotiations between Chalifoux & Co. and Weil & Bro. looking towards the sale of the fixtures to Weil & Bro. This sale was not made, and on October 4, 1895, Chalifoux & Co. notified Weil & Bro. of their intention of tearing out the shelving and fixtures from the storehouse on October 9, following, and removing them. The privilege of removing the shelving

[Chalifoux & Co. v. Potter.]

and fixtures was denied Chalifoux & Co., both by Mark
L. Potter and Weil & Bro.   Thereupon J. L. Chalifoux
& Co. brought the present action of trover against Mark
L. Potter and Weil & Bro. to recover damages for the
conversion of said shelving and fixtures.

Each of the defendants pleaded the general issue, and
a special plea, in which they set up the facts relative to
the leasing of the property by the plaintiffs, and the sub-
letting of it to the defendants, Weil & Bro., and further
averred in each of said special pleas as follows:   "This
defendant further avers that the plaintiffs did not re-
move, nor attempt to remove, the said fixtures until after
said 30th September, 1895, when their said lease from
this defendant was fully completed and ended; and that
said fixtures were upon said premises attached to the
walls of the building when this defendant's co-defend-
ants went into possession thereof on said 1st of October,
1895, and that this defendant has not converted same."

The facts of the case, as disclosed by the evidence
and shown by the bill of exceptions, were as set forth
above.

The cause was tried by the court without the inter-
vention of a jury, and upon the hearing of all the evi-
dence, the court rendered judgment for the defendants.
To the rendition of this judgment the plaintiffs duly ex-
cepted, and on this appeal, prosecuted by them from
said judgment, they assign its rendition as error.


FRED. S. FERGUSON, for appellants.—The plaintiffs
had the right to maintain the action of trover upon the
facts of this case.—26 Amer. & Eng. Encyc. of Law, 774,
et seq, notes; Kyle v. Caravello, 103 Ala. 150; Powers v.
Harris, 68 Ala. 409.

The plaintiffs exercised due diligence in claiming the
fixtures erected by them.   It is common learning that
fixtures erected by a tenant in a rented house may be re-
moved by the tenant before the expiration of the term of
the lease, provided that such removal does not materially
injure the leased property.   It is not unusual, however,
for the sake of avoiding disputes, to insert clauses in the
lease for removing fixtures, as, that the tenant shall have
the liberty of removing all the machinery and erections
he puts up; and it may be almost unnecessary to observe
that where, at the time of making the demise, nothing

is said respecting the affixed articles belonging to the premises, the tenant will be entitled to the use of them during his tenancy as part of the demised property, and the landlord can not afterwards, and before the expiration of the term, remove them, or insist upon their being valued or paid for.—Taylor on Landlord and Tenant, § 554; *McCracken v. Hall,* 7 Ind. 30; *Torrey v. Burnett,* 38 N. J. L. 457; *Cromer v. Hoover,* 40 Ind. 49; *Joshlyn v. McCabe,* 46 Wis. 591; *Powers v. Harris,* 68 Ala. 409.

CARMICHAL & THACH, *contra.*—1. The right of appellants to remove the fixtures alleged to have been converted by them, expired with the termination of appellant's term, on September 30, 1895. This contention is clearly raised by the demurrer to the original complaint. The overwhelming weight of authority holds that the tenant must remove his fixtures during the term, or, at least, before his possession terminates.— *Walsh v. Sichler,* 2 West. Rep. 565; *Carlin v. Ritter,* 6 Amer. St. Rep. 467, s. c. 13 At. Rep. 370; 1 Washburn's Real Property, 32, *et seq.*; 2 Taylor Landlord and Tenant, §§ 551, 552, 553.

There was not shown by the evidence in the case a conversion of the property by the defendants.—*Walsh v. Sichler,* 2 West. Rep. 565; *R. R. Co. v. Lampley,* 77 Ala. 357; *Glave v. McMillion,* 7 Port. 282; 8 Amer. & Eng. Encyc. of Law, 64, note 3.

COLEMAN, J.,—The appellants sued in trover to recover for the conversion of certain fixtures which are described in the complaint. The plaintiffs leased a storehouse from Potter for a period of five years, ending September 30th, 1895, and after occupying the building for two years, sublet it, with the consent of Potter, to Weil & Brother for the unexpired term. The plaintiffs' interest and title to the fixtures arose from certain provisions contained in the lease from Potter, and rights reserved in the sub-letting to Weil & Brother. The lease contract from Potter provided for the construction of certain fixtures in the storehouse by the parties of the second part (plaintiffs), and provides, that ''it is further agreed and contracted by the parties hereto that any fixtures which may be put into said premises by the party of the second part at his own cost, shall remain

[Chalifoux & Co. v. Potter.]

his property with the right to remove the same." The rental contract with Weil & Brother for the unexpired term, provided that the parties of the second part (Weil & Brother) "can use, free of rent, the fixtures contained therein until the expiration of this lease, but to remain the property of the party of the first part [plaintiffs] with the right to remove the same at the termination of this lease." Prior to the 30th of September, 1895, Weil & Brother leased the premises for a term of years from Potter, to begin after the expiration of the lease to plaintiffs. It is evident from the facts of the case that there is no question of a *bona fide* purchaser without notice involved. It has long been the law, that parties by contract as between themselves convert a part of the realty into personalty, and by contract may prevent fixtures to be added from becoming a part of the realty, whatever may be the character of the fixtures.—*Foster v. Mabe*, 4 Ala. 402; *Harris v. Powers*, 57 Ala. 139; *Vann v. Lunsford*, 91 Ala. 576; *Muir v. Jones*, 19 L. R. A. 441, and notes; *Carlin v. Ritter*, 6 Am. St. Rep. 467. The legal difficulties which usually arise between landlord and tenant as to fixtures and the right to remove them, or the rights of purchaser and creditors, are those which grow out of the relation of the parties without contract. Where the parties by agreement provide that certain fixtures to be erected by the tenant, shall remain his property and be removed by him the contract controls; and if no time is fixed for removal, and notice not given, they should be removed within a reasonable time. But under the facts of this case, had the contract not provided for the removal of the fixtures, the plaintiffs could not be held to have forfeited or surrendered the fixtures to the landlord or the new lessees. Transactions were pending between the parties looking to a sale of the fixtures to Weil & Brother, and there was no delay in making the demand. The case on the merits was very simple. By joining issue on the special pleas instead of filing objections to them and having them purged of immaterial matter, the only difficulty has arisen. After consideration, our conclusion is, that as each of the special pleas concludes with the averment, "and they have not converted the same," this averment presented an issue which the plaintiff might treat as an averment of fact and join issue.

There can be no question that the plaintiffs were entitled to recover under the facts in the present record.
Reversed and remanded.