# Broaddus *et al. v.* Smith.

121 335
d129 522

## *Action of Trover.*

1. *Fixtures; when personal property affixed to realty does not become.*—Where the owner of real estate contracts or agrees with a tenant that the tenant may erect or affix anything to the realty, and that the thing so affixed shall remain the property of the tenant and be removed by him, such article never becomes a fixture but remains personal property and the property of the tenant and may be removed by him just as any other article of personal property left by him on the land, unattached to the realty; and such contract or agreement may be either oral or in writing.

2. *Personal property affixed to realty; when subject to execution.* Personal property attached to realty under a contract with the owner of the land that it shall remain the property of the person so attaching it, remains the personal property of such person, and is subject to execution against him, and may likewise be the subject of conversion. And a person who purchases such property at execution sale will not be deprived of his property right in it, or his right of action for conversion, by delay in asserting them short of the statutory bar.

3. *Same; when prior mortgagee acquires no property in.*—A prior mortgagee of real property acquires no interest in a chattel attached to the realty under a contract with the mortgagor that the chattel shall remain personal property and the property of the person so attaching it and be removed by

[Broaddus *et al.* v. Smith ]

him, subject, however, to the limitations that the mortgagor and tenant may not by their acts do anything to impair the mortgagee's security.

4. *Identity of property levied on; when parol evidence admissible to show.*—Parol evidence was admissible to identify two vault doors and iron partition as being the property described in the sheriff's return of an execution as "two doors and frames." This was not showing a levy by parol, but simply identifying the property contained in the levy.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. THOS. R. ROULHAC.

C. Smith sued S. S Broaddus and others in trover. W. L. Reeder executed a mortgage on certain real property to A. P. Wheelock. Afterwards, Reeder executed a written lease of the property to the Alabama Banking & Trust Company. The mortgage was made to secure money to complete a building to be used as a banking house. By oral agreement between Reeder and the Banking Company, the latter was to furnish the vault doors and frames to a bank vault which Reeder was to construct in the building, and the bank was to retain the ownership of them, and to have the right to remove them at the termination of the lease. The vault was built and the doors and frames were furnished according to the agreement. The vault and doors and frames were so constructed that to remove the doors and frames required the destruction of the vault and the making of a hole in the floor of the house. Reeder transferred some of the rent notes given by the banking company for rent, to one Perry who caused an attachment to issue against the banking company on its default in payment. Judgment was obtained and levy under it was made on the "vault doors, frames and partition." These were sold and the plaintiff became the purchaser. This was on May 10, 1892. Reeder made default in the payment of his mortgage debt, and Wheelock, the mortgagee, sold the mortgaged property on June 26, 1893, and became the purchaser. Wheelock then took possession of the property, and leased the entire first floor including the vault. The doors and frames were not removed from the building at the sheriff's sale under the execution issued on the judgment in the Perry attachment suit. Smith, the

purchaser at that sale, did not claim the right to remove the doors and frames, and did not notify Wheelock that he ·claimed them; and Wheelock continued to use the same by his tenants till May, 1897. He then sold the entire vault to the Merchants Bank who agreed to remove the vault, and put a floor in the place from which it was removed. About July 1, 1897, the bank removed the vault from the building according to this agreement; and on the 4th August, 1897, Smith brought this suit against Broaddus and the Merchants Bank to recover damages for the conversion by them of the doors and frames. The case was tried without a jury, and the court gave judgment for the plaintiff. The rendition of this judgment is assigned as error. Affirmed.

JOHN T. ASHCRAFT, for appellant.—(1). Any chattel permanently annexed to the freehold, and which cannot be severed without material injury to the premises, becomes a part of the realty irrespective of the intention with which it was attached.—*Tillman v. DeLacey,* 80 Ala. 103; *Ford v. Cobb,* 20 N. Y. 344.

(2). When the subject or mode of annexation is such that the attributes of personal property cannot be predicated of the thing in controversy the intention to retain the 'character of personal property cannot control. 8 Am. & Eng. Ency., 62; *Powell v. McAshan,* 28 Mo. 70; *Fortman v. Goepper,* 14 Ohio St. 558.

(3). A thing affixed to the freehold so that it cannot be removed without injury cannot be levied on as personal property of the tenant until it is severed.—*Pemberton v. King,* 13 N. C. 376; *Curtis v. Riddle,* 7 Allen 185; *Baldwin v. Breed,* 16 Conn. 66.

(4). If mortgagor leases the premises, and the tenant erects fixtures with the understanding with the mortgagor that they will be removed at the end of the term they become a part of the realty, and cannot be removed. *Lynda v. Rowe,* 12 Allen 100; *Hunt v. Bay State Iron Co.,* 97 Mass. 279.

(5). The tenant of a mortgagor stands in the exact situation of the latter.—*Lane v. King,* 8 Wend. 585; *Muir & McDonald v. Jones,* 19 L. R. A. 445.

22

[Broaddus *et al.* v. Smith.]

(6). A mortgagor of realty cannot by any agreement keep fixtures attached to the premises out of the mortgage.—*Thompson v. Varden,* 121 Mass. 139; *Meagher v. Hayes,* 152 Mass. 228; *Clay v. Owen,* 15 Gray 522; *Rhoddy v. Brick,* 22 N. J. Eq. 218.

SIMPSON & JONES, *contra.*

No brief came to reporter.

DOWDELL, J.—Under the undisputed evidence in this case the question of fixtures *vel non,* depending merely upon the intention of parties as implied from the nature and purpose of the article affixed to the realty, or from the conduct of the parties before and subsequent to affixing, does not arise. Nor is there any question of intervening rights of innocent third parties. The evidence without conflict shows that there was an express agreement or contract between Reeder the lessor and owner of the building, and the Alabama Banking and Trust Co. the lessee, that Reeder would construct a brick vault inside the leased building, and the Banking Co. would furnish the two vault doors and iron partition, the property for the conversion of which this suit is brought, and that the said doors and partition should remain the property of the Banking Co. with the right of removal at the termination of the lease. This contract was oral, but being made with reference to personal property, was not offensive to the statute of frauds. *Harris v. Powers,* 57 Ala. 139; *Foster v. Mabe,* 4 Ala. 402.

By express contract between the parties the nature and status of the chattel as personal property was preserved and retained. That it was competent for the parties to contract to this end, we think there can be no doubt. Nothing, perhaps, could be considered in its character more permanent, and more of a fixture, and as forming a part of the realty, than a house or building erected on the land, and yet a house may by contract of parties become a chattel with right of removal. See *Harris v. Powers, supra; Foster v. Mabe, supra;* also *Powers v. Harris,* 68 Ala. 410. There is no evidence in

[Broaddus *et al.* v. Smith ]

this case that the removal of the vault doors and iron partition would have effected any injury or damage to the building so as to impair the security of Wheelock's mortgage, which was taken upon the building prior to the construction of the vault within the building.

The vault doors and iron partition remaining personal property by the terms of agreement between Reeder and the Banking Co. were subject to levy and sale under execution against the Banking Co. with the right of removal in the purchaser at execution sale, upon the termination of the lease. While a party entering to remove after a reasonable time may be guilty of a technical trespass, yet his delay short of the statutory bar will not deprive him of his property right, or right of action for a conversion.—*Dame v. Dame,* 38 N. H. 429; *Holt v. Stratton Mills,* 54 N. H. 109; *Davis v. Emory,* 61 Maine 140.

The following propositions seem to be supported by the weight of authorities in well considered cases:

1st. Where the owner of real estate contracts or agrees with a tenant that the tenant may erect or affix anything on the realty, and that the thing so affixed shall remain the property of the tenant and be removed by him, that such article never becomes a fixture, but remains personal property and the property of the tenant, and may be removed by him, just as any other article of personal property left by him on the land unattached to the realty.

2nd. Such contract or agreement may be either oral or in writing.

3d. Such property being personal property is subject to execution against the tenant the same as any other personal property of the tenant, and may likewise be the subject of conversion.

4th. A prior mortgagee of the real estate acquires no interest in the chattel attached, subject, however, to the limitations, that the mortgagor and tenant may not by their acts do anything to impair the mortgagee's security. *Foster v. Mabe,* 4 Ala. 402; *Harris v. Powers.* 57 Ala. 139; *Powers v. Harris,* 68 Ala. 410; *Chalifoux & Co. v. Potter,* 113 Ala. 215; Ewell on Fixtures, pp. 66, 67, 68; 8 Am. & Eng. Ency. Law, pp. 45, 61; *Mott v. Palmer,* 1

N. Y. 564; *Stout v. Stoppel,* 14 N. W. Rep. 268; *Manwaring v. Jenison,* 27 N. W. Rep. 899, s. c. 61 Mich. 117; *Tift v. Horton,* 53 N. Y. 377; *Ship Canal & R'y Co. v. McCann,* 48 N. W. Rep. 692, s. c. 86 Mich. 106.

It was competent to offer parol evidence for the purpose of identifying the two vault doors and iron partition as being the same property described in the sheriff's return on the execution as "two doors and frames." This was not showing a levy by parol, but simply identifying the property contained in the levy.—*Deloach v. Robins,* 102 Ala. 288; *Webb v. Bumpass,* 9 Port. 201; *Swann's Lessee v. Parker,* 27 Am. Dec. 522, note p. 524.

The case was tried by the court without a jury, and the judgment rendered was for $138. The estimates of valuation on the property by the testimony ranged from $100 to $150. The judgment was not unwarranted by the proof.

Entertaining the views above expressed we find no reversible error in the record, and the judgment of the circuit court must be affirmed.