# Johnston, Receiver v. Philadelphia Mortgage & Trust Co.

## Action of Detinue.

1. · *Fixtures; when they become part of the realty.*—Where store fixtures are affixed to a building by the owner at the time of the erection of the building, by means of fastenings let into the wall, and they are placed in the building to more perfectly complete it for the purposes for which it was erected, such fixtures become part of the realty and pass by a conveyance or mortgage of the freehold, where there is nothing to indicate a contrary intention.

2. *Same; how a fixture can be conveyed.*—While the owner of realty may, by proper contract of sale, sever fixtures from the realty, thereby converting it into personal property, without at the time physically detaching such fixture from the realty, still, in order to convey the legal title to the fixture, when there has been no actual severance or physical detachment, and as long as it remains affixed to the realty, the contract must be in writing and be executed with the same formality as a conveyance of the realty.

3. *Appeal; error without injury.*—When, on the undisputed facts of the case, the defendant is entitled to the general affirmative charge, any errors committed by the court in giving charges at the request of the defendant, or refusing to give those asked by the plaintiff, do not constitute a ground for the reversal of the judgment in favor of the defendant; since such errors are without injury to the plaintiff.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action of detinue brought by Joseph F. Johnston, who sues as receiver of the Francis-Vandergriff Shoe Company, against the Philadelphia Mortgage and Trust Company to recover "one hundred and seventy-six feet of shelving and drawers" in a storehouse in the city of Birmingham, known and designated as No. 2022 on Second Avenue.

The defendant pleaded the general issue and set up by special plea the fact that the shelving and drawers sued for were fixtures in the store building and had become the property of the defendant as the purchaser at the foreclosure sale of the mortgage conveying the said lot and storehouse.

Upon the trial of the case the plaintiff introduced evidence tending to show that Charles H. Francis originally owned the lot in the city of Birmingham, upon which there was erected a brick building, which was known and designated as No. 2022 on Second Avenue; that the said Francis soon after the erection of said building caused to be placed in said storehouse the shelving and drawers which are described in the plaintiff's complaint and sued for in this action; that Charles H. Francis was a shoe merchant in Birmingham, Ala., and had the shelving sued for put into the building owned and used by him for his own use; that said shelving was massive and heavy, being 88 feet long on each side of store, on a base 32 inches wide, 9 feet high with a heavy cornice at top; that on or about the .... day of March, 1888, the said Charles H. Francis, for a consideration of two thousand dollars, sold and conveyed the said shelving and drawers to a co-partnership called Charles H. Francis & Co., of which he was a member, and along with said shelving his stock of shoes; that afterwards, on or about the 30th day of January, 1889, a corporation was formed, of which Charles H. Francis was the president, called the Francis Shoe Co., and the co-partnership of Charles H. Francis & Co., for a consideration of $1,500, sold and conveyed the said shelving and drawers to the said Francis Shoe Co., as such body corporate, and along with the said shelving and drawers the said Charles H. Francis & Co. also sold its stock of shoes; and that when the

sale was made of the shelving and the shoes by Charles
H. Francis to Charles H. Francis & Co. the said co-
partnership took possession not only of the shoes, but
also of the shelving and drawers, and carried on a shoe
business in said house, but that the shelving sued for
was not then actually detached from the building, or
removed therefrom, and that also when the co-partner-
ship of Charles H. Francis & Co. sold its said shoes
and shelving and drawers to the said Francis Shoe
Co. the possession of the shoes and of the shelving was
delivered to the Francis Shoe Co., which carried on
the retail shoe business in said building, and remained
in possession of the shelving until about the 5th day of
March, 1899, when the name of said corporation was
changed to the Francis Vandergriff Shoe Co., and new
stockholders were admitted into the corporation, which
was thereafter called the Francis-Vandergriff Shoe Co.,
but that the shelving sued for was not at that time
actually detached from the building, or removed there-
from, and that the actual possession of the stock of
shoes and of the said shelving was taken by the Francis-
Vandergriff Shoe Co., which remained in the possession
thereof, using the same until about the .... day of
March, 1890, and occupied the building under a lease
contract, when the Francis-Vandergriff Shoe Co. sold
out its stock of shoes to Roden & McWilliams, a co-
partnership composed of B. F. Roden and J. H. Mc-
Wiliams, who carried on the retail shoe business in
said house, occupying the said house until about the
first day of October, 1890, under the lease which had
been made by Charles H. Francis, owner of the house,
to the Francis Shoe Co.

The defendant introduced in evidence a mortgage
executed by Charles H. Francis to the Philadelphia
Mortgage & Trust Company dated June 3, 1889, to se-
cure a loan of $1,200, which mortgage conveyed the lot
upon which said building was erected. The defendant
then introduced evidence showing that there was de-
fault by Charles H. Francis in payment of the mort-
gage debt, that said mortgage had been foreclosed un-
der the power contained therein, and that at said fore-
closure sale the Philadelphia Mortgage & Trust Com-

pany became the purchaser of said lot and storehouse, and as said purchaser took possession of said storehouse and shelving. That the foreclosure sale was made on November 19, 1894, and that from the time of the purchase the defendant leased said storehouse and no demand was ever made upon the defendant for the shelving and drawers sued for in this action until March 9, 1898.

Defendant introduced evidence tending to show that after Roden & McWilliams moved out of said storehouse the Birmingham Carpet & Drapery Company took possession of said storehouse and shelving as the tenant of C. H. Francis, and continued in possession of same as such until defendants foreclosed its mortgage; that the Birmingham Carpet & Drapery Company attorned to defendant and continued in possession of the storehouse and shelving as its tenant until some time after the mortgage was foreclosed, when it was succeeded by another tenant; that there had never been any change in the position of said shelving during this time, and that defendant had never had any of the shelving moved or detached; that since the foreclosure of said mortgage the defendant has been, and is now, in possession of said storehouse and of said shelving. The plaintiff introduced a witness who gave testimony tending to show that at the time when Charles H. Francis, in March, 1888, sold his stock of goods and the said shelving to Charles H. Francis & Co., the said shelving was not in any way nailed to or attached to the building. On the other hand, the defendant offered evidence of four or five witnesses, including three expert carpenters and cabinet makers tending to show that the said shelving, from the time it was originally put into said house, was fastened to the floor in said building by nails at the foot where it rested on the floor and that the said shelving was also attached to the walls of said building near the top by blocks of wood or pieces of wood being let into the walls in a hole in the brick and by iron anchors let into said blocks of wood and fastened to the shelving by nails or screws at more places than one to hold it steady; that it had never been moved and could not be moved without

taking the shelving all to pieces and that there was no
sign that it had ever been moved at all, and that it could
not, in their opinion, have been fastened as it was ex-
cept when first built.

It was shown by the evidence that there was no bill
of sale of the shelving and drawers at the time the same
were alleged to have been sold by Charles H. Francis
to Charles H. Francis & Co. It was also shown by the
evidence that Joseph F. Johnston, the plaintiff in this
action, had been duly appointed before the bringing
of this suit on the dissolution of the corporation called
the "Francis-Vandergriff Shoe Company," its receiver,
by the city court of Birmingham, sitting as a court of
equity.

There was evidence on the part of the defendant by
several experts tending to show that the taking down
and removal of said shelving would damage the build-
ing and deface the walls and floors to the extent of
the holes in the floor and also the holes in the walls
made by the anchors, and on the part of the plaintiff
there was testimony by one expert carpenter to show
that the damage in taking down and removing said
shelving from the store was merely nominal.

The court refused to give several written charges re-
quested by the plaintiff, to the refusal to give each of
which the plaintiff separately excepted. The plaintiff
also separately excepted to the court's giving, at the
request of the defendant, several written charges, but
under the opinion on the present appeal, it is unneces-
sary to set out these charges in detail.

There were verdict and judgment for the defendant.
The plaintiff appeals, and assigns as error the several
rulings of the trial court to which exceptions were re-
served.

JAMES E. WEBB and WILLIAM H. GRAVES, for appel-
lant.—Although the shelving sued for, built as it was
and physically attached to the building by Francis,
who was the owner when so attached, became a part of
the building and of the realty, yet by the sale of the
shelving by Francis to the Charles H. Francis & Co.,
it was legally, though not physically, severed, and be-

[Johnston, Receiver, v. Philadelphia Mortgage & Trust Co.]

came a chattel.—*Broadus v. Smith*, 121 Ala. 335; *Mabe v. Foster*, 4 Ala. 404; *Harris v. Powers*, 57 Ala. 139; *Ib.*, 68 Ala. 409; *Vann v. Lunsford*, 91 Ala. 583; *Ware v. Hamilton*, 92 Ala. 145.

GARRETT, UNDERWOOD & THACH, *contra.*—A general deed of mortgage or bargain of sale passes the fixtures as a part of the freehold.—*Merritt v. Judd*, 14 Cal. 60; Ewell on Fixtures, 275, 279, and notes.

Annexation, when made by the owner, must be presumed to be made with the design of their permanent enjoyment in connection with the land and as accessory to it.—*Smith v. Moore*, 26 Ill. 392; *Tabor v. Robinson*, 36 Barb. 483. It is in power of owner to affix any property he pleases, and when he does it becomes a fixture in the general sense of the term, and part of the freehold; and if freehold is mortgaged, fixtures go with it.—*Arnold v. Crowder*, 81 Ill. 56.

The mode of annexation may, in the absence of other proof of intent, be controlling. It may be, in itself, so inseperable and permanent as to render the article necessarily a part of the realty, and in case of less thorough annexation, the mode of attachment may afford convincing evidence that the intention was that the attachment should be permanent, as where the article would be of no value except for use in that particular building, or could not be removed therefrom without being destroyed or greatly damaged.—*McRea v. Central Nat. Bank of Troy*, 66 N. Y. 495-96; *Gross v. Jackson*, 6 Daly 463; *Oves v. Oglesby*, 7 Watts 106; *Harkness v. Sears*, 26 Ala. 493; *Rogers v. Crow*, 40 Mo. 91; *Chapman v. A. M. Life Ins. Co.*, 4 Ill. 29.

When the tenant leaves his fixtures on the premises at the expiration of his term, he is presumed to have abandoned them to the landlord.—8 Am. & Eng. Ency. Law, 63, note; Ewell on Fixtures, 137, *et seq.*

DOWDELL, J.—It is conceded in argument and the evidence without dispute shows that the shelving and drawers, the subject-matter of this suit, were affixed to the building or store-house by the owner of the house and

lot and thereby became a part of the realty. And that said shelving and drawers remained without physical severance or change from the time when so affixed by the owner down to the commencement of this suit. The plaintiff bases his right of recovery on a claim of title in the Francis-Vandergriff Shoe Co., a corporation, of which he is the receiver. The alleged title to the Francis-Vandergriff Shoe Company is based upon a verbal contract of sale made by C. H. Francis, the owner of the realty. The defendant derives its title through a mortgage made to it by the said C. H. Francis conveying the realty. This mortgage was made subsequent to the verbal contract of sale of the fixtures, and at the time of the execution of the mortgage, the Francis-Vandergriff Shoe Co. was in the possession of the store-house in which the said shelving and drawers were affixed, as the tenant of the said C. H. Francis, and carrying on a merchandise business in the same. In this manner, the Francis-Vandergriff Shoe Co. was in possession of the said shelving and drawers, but as above stated there had been no physical change or severance of the same from the building, to which they had been affixed by the owner.

The plaintiff's contention is, that a severance was in law effected by the sale of the shelving and drawers by C. H. Francis and that by said sale these fixtures were converted into personal chattels. We think there can be no doubt of the legal proposition, that the owner of the realty may by proper contract of sale, sever a fixture from the realty, thereby converting it into a personal chattel, without at the time physically detaching such fixture from the realty. But in order to convey the legal title to a fixture, when there has been no actual severance or physical detachment and as long as it remains affixed to the realty, the contract must be in writing and be executed with the same formality as a conveyance of the realty, since in law the fixture is a part of the realty. The sale by C. H. Francis to the partnership of Francis & Co. under and through which the Francis-Vandergriff Shoe Co. claimed title, not being in writing, the legal title did not pass by said sale

out of said C. H. Francis. The legal title being in him at the date of the execution of the mortgage to the defendant conveying the freehold, passed by said mortgage conveyance to the defendant. "The general rule undoudtedly is, that all fixtures, whether actually or constructively annexed to the realty, pass by a conveyance or mortgage of the freehold, where there is nothing to indicate a contrary intention."—Ewell on Fixtures, Ch. 9, p. 275, and many authorities cited in the notes.

It is conceded that the fixtures in question were affixed to the realty by the owner, and it is clearly shown by the evidence that they were placed in the building to more perfectly complete the building for the purpose for which it was erected, viz., of carrying on a merchandise business in the same by the owner. The facts are materially different from the facts in the case of *Broadus v. Smith,* 121 Ala. 335, and other authorities cited by appellant in his brief. The question of trade fixtures with the right of removal of the same upon the termination of the lease or tenancy does not arise in this case, and the authorities cited on that subject are without application here. On the undisputed evidence in this case the legal title to the shelving and drawers was in the defendant, and the court might very properly have given the affirmative charge to find for the defendant.

As the verdict of the jury in favor of the defendant was in accordance with the law and the facts, no injury resulted to the plaintiff in the refusal of the charges requested by him, nor in giving of the charges requested by the defendant.—*Bienville Water Co. v. City of Mobile,* 125 Ala. 178; *Glass v. Mayer,* 124 Ala. 332; *Seymour v. Farquhar,* 93 Ala. 292; *Pritchett v. Pollock,* 82 Ala. 169.

We find no reversible error in the record, and the judgment of the city court will be affirmed.