# Roberts *v.* Caple.

### *Detinue and Trover.*

(Decided April 10, 1913. 62 South. 343.)

1. *Fixtures; House; Land of Another; Contract.*—Where a house was erected by a party under an agreement with the then owner of the land that it should remain the property of the builder and might be removed by him, it did not become a fixture so as to pass under a conveyance of the land, but remained a chattel, the personal property of the builder, recoverable by him in detinue as other personal chattel.

2. *Same; Mortgage; Directions; Removal.*—Where the owner of the lot had mortgaged it to secure a part of the purchase money, and subsequently agreed with plaintiff to erect a house thereon, which should remain the property of plaintiff, removable by plaintiff at his election, and should not become a fixture, such agreement did not impair the mortgage security, and the mortgagee acquired no interest in the house erected under such subsequent agreement.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Detinue and trover by J. W. Caple against J. W. Roberts for the recovery of a house. Judgment for plaintiff and defendant appeals. Affirmed.

JOHN W. INZER, for appellant. It is the contention of the appellant that the title to the lot never really passed out of the mortgagee, and that hence, appellant was entitled to introduce such mortgage in evidence in his behalf, and that the court erred in declining to per-

mit its introduction, but counsel cites no authority in support of his contention.

M. M. & VICTOR SMITH, for appellee.    Under the agreement, the house remained personal property, and did not become a fixture, and hence, could be recovered just as any other personal property.—*Broadus v. Smith,* 121 Ala. 335; *Chalifou & Co. v. Ewell,* 113 Ala. 66; *Powers v. Harris,* 68 Ala. 410; s. c. 57 Ala. 139; *Foster v. Mabe,* 4 Ala. 402.    On these authorities, the court was not in error in declining to permit the mortgage to be introduced in evidence, as the agreement did not have the effect of impairing the mortgage security, and the house did not pass under the mortgage.

PELHAM, J.—On the trial in the circuit court, where the case was brought on an appeal from a justice's court, a substitute complaint containing two counts was filed in lieu of a lost complaint.    Count 1 is in detinue, and claims the right to recover of the defendant a certain described frame house, which it is alleged was erected on a certain lot by the plaintiff under a contract entered into with one A. D. Harrold, who was the owner and in possession of the lot at the time the house was built; and that under the terms of the agreement the house was not to become a fixture to the realty, but was to remain the personal property of the plaintiff, and that he was to have the right to remove it from the lot. Count 2 is in trover, alleging a conversion of the house by the defendant.    The defendant joined issue on both counts of the complaint, and the case was tried on the issues so joined.

The evidence, without conflict, shows that the plaintiff (appellee here) erected the house on the lot at a time when it was owned by and in the possession of one A.

D. Harrold, under an agreement with Harrold that it was not to become a fixture to the realty, but was to remain the property of the plaintiff, removable by him at his pleasure. Harrold had pruchased this lot from one Sam Braverman, who conveyed to Harrold by warranty deed in the usual form and took a mortgage to secure the unpaid part of the purchase money. Subsequently Harrold, not having paid the balance of the purchase money, conveyed the lot back to Braverman, and thereafter Braverman conveyed to the defendant, J. W. Roberts. All of these conveyances were by warranty deed, and contained no reservation of the house, or other stipulation or provision with reference thereto. The evidence shows that when Harrold conveyed to Braverman it was known and understood by both parties to the transaction that the house in question was not a fixture, but belonged to the plaintiff under the agreement between Harrold, who owned the lot at the time the house was erected, and the plaintiff, who built it; and when Braverman sold to the defendant, the defendant had prior knowledge that the plaintiff claimed to own the house, and was informed of matters reasonably calculated to put him on notice that the house was the personal property of the plaintiff, and not a fixture upon the land. The defendant himself testified in this connection that he had lived in the small town where the lot was situated on which the house was erected for about five years, and that he knew the house had been built by the plaintiff and his father, and that on one occasion a short time before he bought the lot from Braverman he had offered to buy this house from the plaintiff, who he knew had never owned the lot upon which it was erected. There is also other evidence having a tendency to show that the defendant knew the house was personal property and not a part of the

[Roberts v. Caple.]

realty, and that it belonged to the plaintiff. The plaintiff testified that he had informed the defendant of the fact that he (plaintiff) owned the house before the purchase of the lot by him (defendant) from Braverman. The only rational conclusion to be drawn from the evidence is that the defendant knew, before he acquired the lot, that the house was the personal property of the plaintiff, or at least that it was claimed by him.

The house having been erected by the plaintiff under an agreement with the then owner of the lot, Harrold, that it should remain the property of the plaintiff and be removed by him, the house did not become a fixture of the realty, passing with an alienation of the land, but remained a chattel, the personal property of the plaintiff, recoverable by him in an action of detinue as other personal chattels. The house not having passed by a conveyance of the realty from Harrold to Braverman, or by the similar conveyance from Braverman to the defendant, and there being, under the evidence, no intervening rights of innocent third parties affected, the plaintiff's case, on the issues before the court, was made out by the undisputed evidence, and the general charge was properly given at the plaintiff's request. —*Broadus et al. v. Smith,* 121 Ala. 335, 26 South. 34, 77 Am. St. Rep. 61; *Harris v. Powers,* 57 Ala. 139; *Powers v. Harris,* 68 Ala. 410; *Foster v. Mabe,* 4 Ala. 402, 37 Am. Dec. 749; *Chalifoux & Co. v. Potter,* 113 Ala. 215, 21 South. 322.

One of the appellant's assignments of error insisted upon is based on the court's refusal to allow the defendant to introduce in evidence the mortgage given by Harrold to Braverman to secure part of the purchase money. At the time this mortgage was given, the house in question had not been erected upon the land, but the agreement for its erection, and its actual

[Roberts v. Caple.]

construction on the lot, were all subsequent to the mortgage, and at a time when Harrold was in possession of the lot and holding title and possession under a warranty deed from Braverman. If the owner of a house and lot should mortgage the property and subsequently enter into an agreement with some one else for a sale of the house alone, severing it from the realty and converting it into a chattel, such an agreement would be an impairment of the mortgagee's security, and would be res inter alios acta and a nullity as to the mortgagee; but we doubt not the right of the owner in possession of a piece of land, after mortgaging the realty to one party, to enter into a subsequent valid contract or agreement with another to erect a house, piece of machinery, or any other personal property on the land, and contract or agree with such party placing it there that the same should remain the property of the person erecting it or placing it on the land, and removable by him. The prior mortgagee's security would not be impaired by such a subsequent agreement, and he would acquire no interest as a prior mortgagee in the property subsequently erected or placed upon the realty under such an agreement made in good faith by the owner in possession with a third party.—*Broadus et al. v. Smith, supra; Tifft v. Horton,* 53 N. Y. 377, 13 Am. Rep. 537; *Boston Safe Dep. & Trust Co. v. Bankers' & Mer. Telephone Co.* (C. C.) 36 Fed. 288; *Padgett v. Cleveland,* 33 S. C. 339, 11 S. E. 1069.

The rulings of the trial court are free from error, and the judgment appealed from will be affirmed.

Affirmed.