(76 South. 306)

CLEMENTS v. MORTON.　(6 Div. 626.)

(Supreme Court of Alabama.　July 2, 1917.)

1. FIXTURES ⬉27(1)—HOUSES.

　　A one-room plank house, erected by a widow with her own means on land of her deceased husband's estate, with full understanding and agreement of the heirs that it should remain hers, to be disposed of as she saw fit, became a chattel, subject to be disposed of as such.

　　[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 5, 54.]

2. FRAUDS, STATUTE OF ⬉72(4)—CONTRACTS CONCERNING FIXTURES.

　　The statute of frauds has no application to an agreement relative to a house erected under circumstances whereby it remains personalty.

　　[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 118.]

3. VENDOR AND PURCHASER ⬉228(1)—INNOCENT PURCHASER—FIXTURES.

　　No right of innocent third person is involved, where one purchases land with knowledge that a house thereon is personalty, and not included in his purchase of the land, and with agreement to pay its owner therefor.

　　[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 495, 496.]

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by J. P. Clements against A. F. Morton. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under section 6, page 450, Acts 1911. Reversed and remanded.

This suit was brought by appellant against appellee to recover $50 as the agreed price for a small one-room plank house, built on the land formerly owned by the father of appellant, and which land was subsequently sold to the defendant. The substance of the material portion of the evidence for plaintiff (defendant offering no testimony) was as follows: The father of plaintiff owned the land on which the house was built, and after his death his widow, who was a stepmother of plaintiff, built this one-room plank house with rock chimneys and block pillars on the land, paying for it with her own means, and with an express agreement and understanding with all the heirs that it was to be and remain her house, and subject to her disposal as she saw fit, and that all the heirs knew and recognized the stepmother's right to dispose of the house as she saw fit; that before the death of the stepmother she gave this house to the plaintiff, because he had been taking care of her the last year of her life, and all the heirs knew that she had giv-

en the house to him for taking care of her, and that all understood and agreed that the house belonged to plaintiff, and none of them ever made any claim whatever to any interest or ownership in said house; that, subsequent to the death of the stepmother, plaintiff bought the interest of several of the heirs, and had power of attorney from others to convey the land to the defendant, and all the heirs recognized that they had no interest in the house, and were selling the land only, and not the house; that the plaintiff, for himself, and also for the other heirs, sold the land to the defendant, and at the time of the sale informed defendant that this one-room plank house was the personal property of the plaintiff, and did not go with the land, and the defendant agreed to pay $50 to the plaintiff for this house, which he has refused to pay. In the deed executed to the defendant to the land there was no reservation of said house. Plaintiff further testified that, subsequent to the execution of the deed to the defendant, the defendant recognized the ownership of the plaintiff in the house, and witness Goolsby, for the plaintiff, tended to corroborate plaintiff in his testimony in regard to this. The court, at the request in writing of defendant, gave the affirmative charge. There was verdict and judgment accordingly for the defendant, and plaintiff prosecutes this appeal.

R. D. Coffman, of Birmingham, for appellant. Frank S. White & Sons and Frank M. Dixon, all of Birmingham, for appellee.

GARDNER, J. [1, 2] The substance of the testimony in this cause, as shown by the foregoing statement of the case, discloses that the one-room plank house erected by plaintiff's stepmother with her own means, after the death of the father of plaintiff, was erected with the full understanding and agreement of all the heirs that the house should remain hers, to be disposed of as she saw fit, and that the same became a chattel with the right of removal.

"Houses, as a general rule, are part of the freehold, and pass or descend with the land. The prima facie intendment is that they are part of the realty; and if there be no proof to take the case without the general rule, they are part and parcel of the land, and whoever owns the land owns the houses standing thereon. * * * But this is not a conclusive presumption. It may be rebutted." Harris v. Powers, 57 Ala. 139; Powers v. Harris, 68 Ala. 409.

"By express contract between the parties the nature and status of the chattel as personal property was preserved and retained. That it was competent for the parties to contract to this end we think there can be no doubt. Nothing, perhaps, could be considered in its character more permanent, and more of a fixture, and as forming a part of the realty, than a house or building erected on the land, and yet a house may by contract of parties become a chattel with right of removal." Broaddus v. Smith, 121 Ala. 335, 26 South. 34, 77 Am. St. Rep. 61.

See, also, in this connection. Chalifoux & Co. v. Potter, 113 Ala. 215, 21 South. 322;

Johnston, Rec., v. Philadelphia Mtg. Co., 129 Ala. 515, 30 South. 15, 87 Am. St. Rep. 75; Middleton v. Alabama Power Co., 71 South. 461, 196 Ala. 1; Roberts v. Caple, 8 Ala. App. 444, 62 South. 343.

The house, under the facts here disclosed, remained personal property, and subject to be disposed of as such, and the statute of frauds therefore is without application. Authorities supra.

[3] In the instant case the right of no innocent third party is involved, as the undisputed evidence shows the defendant purchased the land with full knowledge on his part that the house was the personal property of plaintiff, and was not included in his purchase of the land, and, indeed, that defendant agreed to pay the plaintiff the sum of $50 therefor. The case of Johnston, Rec., v. Phila. M. Co., supra, relied upon by counsel for appellee, is readily distinguishable from the case here presented, and, indeed, the opinion in that case notes the distinction between that and the case of Broaddus v. Smith, supra, both cases being written by the same author.

There being no dispute in the evidence, the plaintiff was entitled to the affirmative charge, and reversible error was committed in giving the affirmative charge at the defendant's request. The judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.