## CRYAR v. OGLE. (8 Div. 119.)

(Court of Appeals of Alabama. Nov. 13, 1923. Rehearing Denied Dec. 4, 1923.)

1. Crops ☞5—Generally crops pass with conveyance of land.

Growing crops pass with the title to land on a conveyance thereof in fee unless severed by deed or other valid contract or mortgage or where the crops of tenants.

2. Evidence ☞390(1)—Parol evidence not admissible to change terms of deed.

Parol evidence is not admissible to change the terms of a deed conveying land.

3. Evidence ☞441(8)—Collateral parol reservation of crops may be made by parties to deed.

The parties to a deed could agree, by a collateral oral agreement based on a different consideration, that grantor should have the crops growing on the land and should retain possession for the purpose of gathering such crops.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action in trover, trespass, and for use and occupation of land, by Sarah E. Cryar against Homer Ogle. From a judgment for defendant, plaintiff appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Cryar, 99 South. 158.

J. A. Lusk & Son, of Guntersville, for appellant.

The sale of lands by deed, without any reservation of rents, either by deed or separate written contract, carries the right to the crops then growing on the lands. 8 R. C. L. 358; 2 Devlin on Deeds, 890; 15 Cent. Dig. 1120; Greenwood v. Bennett, 208 Ala. 680, 95 South. 159. Crops form a part of the real estate on which they are growing. The legal effect of a conveyance cannot be varied by parol. Coffey v. Hunt, 75 Ala. 236; Chancellor v. Teel, 141 Ala. 634, 37 South. 665; 8 A. & E. Ency. (2d Ed.) 329; Carlisle v. Killebrew, 89 Ala. 329, 6 South. 756, 6 L. R. A. 617; Ala. Gold Ins. Co. v. Oliver, 78 Ala. 158; Bozeman v. Colt, ante, p. 126, 95 South. 588.

Orr & Killcrease, of Albertville, for appellee.

Growing crops may be reserved by parol agreement from the operation of a deed to the land. 12 Cyc. 979; Clements v. Morton, 200 Ala. 390, 76 South. 306; 26 C. J. 676; Roquemore v. Vulcan Iron Wks., 151 Ala. 643, 44 South. 557; Cochrane v. McDermott, 6 Ala. App. 121, 60 South. 421; Flynt v. Conrad, 61 N. C. 190, 93 Am. Dec. 588.

SAMFORD, J. On the 8th day of August, 1921, plaintiff purchased from defendant cer-

tain farm lands in Marshall county, Ala., the consideration being $2,800. Defendant, on that date, executed and delivered to plaintiff a warranty deed conveying the lands and reciting the above-named consideration. In the deed of conveyance, no mention was made of the crops growing on the land, and defendant remained on the land and gathered and disposed of the crops growing on the land at the time of the sale. Value of the crops was proven.

In this suit plaintiff claims: First, damages for the conversion of the crops; second, damages for trespass to the land in severing the crops; third, for use and occupation. It is admitted that there was no reservation of the crops in writing, and plaintiff contends that in the absence of such reservation he must recover in this suit. On the other hand, defendant contends that there was an oral agreement, whereby he was to retain the crops and possession of the land until the end of the year, in consideration of the payment of certain interest due on some notes, not necessary here to mention, and that this agreement was oral, that he paid the amount of interest as per agreement and remained in possession of the land and gathered and disposed of the crops.

There are a number of minor propositions presented in this record and alluded to in brief; but we think many of them are unnecessary for us to decide, as, if there was technical error, such error was without prejudice. The principal question is involved in the rulings on demurrer to plea 5, which plea is as follows:

"For further answer to the complaint, the defendant says that, after selling to plaintiff the lands, referred to in said complaint, and agreeing upon the price for same, the plaintiff requested the defendant to take certain promissory notes payable to the plaintiff as part payment for the purchase price for said land, which notes bore interest and which notes had accumulations of interest on the same, and which would continue to bear interest until paid, and as a separate and distinct agreement from the sale of said lands, the defendant, as a consideration for the purchase price for the crops existing on said lands, agreed that the plaintiff, in payment of said crops, should have the interest on said notes, which had already accrued and which would afterwards accrue until they were paid, which interest was duly paid to the plaintiff for said crops."

This plea sets up a collateral agreement between the parties relative to the possession of the land and the crops growing thereon, not mentioned in the deed of conveyance. In other words, the defendant claims that at the time of making the deed, after agreeing upon a consideration for the land, and after all the terms of sale had been agreed upon, upon a money basis, there was an additional consideration paid by him to plaintiff, which plaintiff received and for which plaintiff agreed that defendant might have

the crops growing on the land and retain possession for the purpose of gathering same. According to defendant's contention and evidence which he offered to sustain the same, plaintiff received the consideration and defendant kept possession of the land and gathered the crop.

[1, 2] It is conceded to be the law in this state that, growing crops pass with the title to land on a conveyance thereof in fee unless covered by certain exceptions known to the law, such as a severance by deed or other valid contract, mortgage, or being the crops of tenants. 8 R. C. L. p. 358. It is also a well-recognized proposition of law that parol evidence is not admissible to change the terms of a deed conveying land. Bozeman v. Colt, ante, p. 126, 95 South. 588.

[3] However, there is another principle governing the facts in this case as made by the pleading and evidence. It is generally considered that crops, such as are here in question—i. e., the result of annual planting, manurance, and labor, commonly coming under the head of fructus industriales—may be sold by parol without violating the statutes of frauds requiring sales of real estate to be in writing. 8. R. C. L. 371, note 12. It is further stated by the same authority and supported by many adjudicated cases of other states that:

"It may be shown by parol that growing crops were reserved on a sale of land, although there may be no reservation in the deed." 8 R. C. L. p. 372, note 19.

In Foster v. Mabe, 4 Ala. 402, 37 Am. Dec. 749, the Supreme Court held that a house might be severed from a lot by a parol agreement. Following this rule the same was held in Harris v. Powers, 57 Ala. 139; Clements v. Morton, 200 Ala. 390, 76 South. 306; Cochrane v. McDermott Adv. Co., 6 Ala. App. 121, 60 South. 421, and in many other cases cited in the decisions just cited. Our decisions are clear to the effect that a fixture which is the fruit of industry as between the parties may be severed from the freehold by an oral agreement, and as to them becomes a personal chattel. Such, under the pleadings and proof, was the case with reference to the crops the subject of this suit, and as to which the parties made a separate contract, for a different consideration, which was paid by the defendant. When the court sees that a separate collateral agreement was probably intended by the parties, evidence of such agreement is admissible. Bissell Motor Co. v. Johnson, ante, p. 38, 97 South. 49.

The foregoing was the theory upon which the trial judge proceeded in his various rulings on the pleadings, admission of evidence, and charge to the jury, all of which we hold to be free from reversible error, or if error, not such as to injuriously affect the plaintiff's substantial rights.

Under the foregoing authorities and as we construe the law, the charges requested in writing by plaintiff were properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.