271 So.2d 255

**James McDOWELL**

v.

**STANDARD OIL COMPANY, a corporation.**

**Civ. 4.**

Court of Civil Appeals of Alabama.

Oct. 18, 1972.

Rehearing Denied Jan. 3, 1973.

Tipler, Fuller & Barnes, Andalusia, for appellant.

Bradley, Arant, Rose & White, and James W. Gewin, Birmingham, for appellee.

BRADLEY, Judge.

Appellant filed an action against the appellee in the Circuit Court of Covington County alleging a breach of an agreement to repair a drain cover at a service station which appellant had leased from appellee. Appellee pled in short, etc., and the case proceeded to trial. At the conclusion of appellant's case appellee moved that evidence of an oral agreement to repair a drain cover at the service station be excluded as a violation of the parol evidence rule. The motion was granted and the appellee rested without introducing any witnesses or other proof.

The appellee thereupon requested the general affirmative charge with hypothesis. The trial court granted the charge and the

jury returned a verdict in favor of appellee. Judgment was entered in accordance with the verdict. The appellant's motion for a new trial was denied. The appeal to this court is from the final judgment and the denial of the new trial.

The three assignments of error filed by appellant question the action of the trial court in excluding the evidence of the oral agreement as violative of the parol evidence rule and then giving to the jury the general affirmative charge with hypothesis in favor of appellee.

The facts show that appellant leased a Standard Oil service station in Opp, Alabama in July 1970 from a Mr. Colquett, and on December 1, 1970 leased the service station from appellee.

Appellant stated that on the day he signed the lease agreement with appellee, but prior to his signing it, he showed the agent of appellee a drain cover at the station and asked that it be repaired or replaced. He stated that appellee's agent promised to repair the drain cover.

Appellant stated that he and the agent went immediately inside the station office where he, appellant, looked at the written lease to see if Standard Oil Company was the lessor. Upon satisfying himself that Standard Oil Company was the lessor, appellant signed the lease. Paragraph ten of the lease signed by appellant provides, in part, as follows:

"10. The Lessee hereby assumes complete custody and control of the premises described in this lease, the condition of which Lessee has examined and knows to be good and on which no representations as to the conditions or repair thereof have been made by the Lessor. The Lessor shall not be liable for any damage caused by failure to keep said premises in repair, . . . ."

On December 24, 1970, while pushing an automobile over the drain, appellant stepped on the drain cover and it gave way, or slipped away, allowing one of appellant's legs to go into the drain, causing an injury to his coccyx bone, resulting in hospital and doctor's bills.

The rule is well established in Alabama that parol evidence cannot be received by a court to vary, contradict, explain or add to the terms of a written contract which exists between two parties. Lightsey v. First National Bank of Birmingham, 273 Ala. 416, 142 So.2d 681; McGuffey's Nursing Home, Inc. v. Taylor, 45 Ala.App. 634, 235 So.2d 885.

The terms of the written agreement entered into on December 1, 1970 by the parties to this action specifically provided that there had been no representations made by lessor-appellee to repair said property and that lessor-appellee would not be liable for any damage caused by appellant's failure to keep the premises repaired.

According to appellant's testimony the oral agreement to repair the drain cover at the station was made by him and the agent for appellee just prior to the signing of the written lease.

The terms of the alleged oral agreement provide that the lessor will repair the drain cover, whereas the terms of the written lease provide that the lessor has made no agreement to repair anything at the station.

The trial court characterized the terms of the two agreements as being diametrically opposed insofar as they related to repairs to be made at the station. We agree. The terms of the so-called oral agreement conflict with and attempt to vary the terms of the written agreement. Under the parol evidence rule, such evidence is subject to being excluded. We think the trial court properly excluded the evidence of the alleged oral agreement because it contradicted the terms of the subsequent written agreement. This evidence having been excluded, the general affirmative charge was properly given to the jury.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.

## ON REHEARING

On application for rehearing appellant suggests that this court failed to give sufficient consideration to his arguments in support of propositions of law II and V.

Appellant's proposition of law V is as follows:

"The practical effect of the much discussed parol evidence rule is that, when the court sees that a separate collateral agreement was probably intended by the parties, evidence of it is admitted."

The case of Cryar v. Ogle, 19 Ala.App. 493, 99 So. 157 is cited in support of this proposition. In *Cryar* there were two separate and distinct agreements—one written, the other oral. Each one was supported by separate considerations. The written agreement was for the sale of a parcel of farm land. After the sale the seller remained on the premises pursuant to a separate oral agreement authorizing him to harvest the crops from the property in exchange for the payment of interest due on certain notes. The separate oral agreement was deemed to be collateral to the written agreement. The second agreement did not contradict the first agreement, whereas in the case at bar there is a clear contradiction between the so-called oral agreement and the written agreement. Hence we do not and did not consider there to be a collateral agreement as urged by appellant in the case at bar.

Likewise, appellant's proposition of law II was premised on the theory that there was a collateral agreement in existence and suggested that evidence thereof would be admissible even though the collateral agreement was so interwoven with the principal agreement as to be an integral part of it. In support of this theory, appellant cited Bissell Motor Co. v. Johnson, 210 Ala. 38, 97 So. 49.

Again, we concluded that the cited case was not appropriate authority for a decision in the instant case for the reason that the cited case did not concern a contradiction or altering of the terms of a written contract as was the situation in the case at bar. Therefore, we did not discuss it, although we did consider it.

We are still of the opinion that appellant was attempting to alter the terms of a written agreement by the use of oral statements allegedly made by the parties prior to the signing of the written agreement. Such efforts are not permitted.

Opinion extended.

Application for rehearing overruled.

WRIGHT, P. J., and HOLMES, J., concur.