| 11 | 533 |
| 78 | 282 |

| 11 | 533 |
| 111 | 721 |

| 11 | 533 |
| 137 | 20 |

## THE CONGREGATIONAL SOCIETY OF DUBUQUE V. FLEMING.

1. FIXTURES. A bell had been used in the belfry of an old church edifice of a religious society; a new building was erected and the old one sold, the bell being reserved. A tower was erected on the new building for the bell, and a temporary framework was also erected upon the

The Congregational Society of Dubuque v. Fleming.

lot, upon which the bell was placed and used for church purposes, with the intention on the part of the authorities of the Society to place it permanently in the tower. It remained in the temporary frame for nearly a year, and was then removed to the place designed for it. It was held that it never ceased to be a fixture, and that it was not subject to the levy of an execution as personal property.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 17.

DEFENDANT is the marshal of Dubuque City. By virtue of an execution issued from the Dubuque City Court against plaintiff, he levied upon a bell and clapper, and took the same into his possession. Plaintiff brings this action of replevin, claiming that the property is exempt from execution.

It seems that the bell had been used in the belfry of the old church of the society; that the old building was sold, reserving the bell; that a new church edifice was erected, with the necessary tower for the bell; that the bell with the frame-work was removed from the old building to the new; that this frame-work was placed upon the lot belonging to the society, where the new church was erected and immediately in front; that it remained there for about a year, the bell being used in this condition at all times when required for church purposes; that the defendant having the execution, made a memorandum thereon of his levy, and notified one of the trustees thereof, but did not take the bell into his actual possession. About two weeks after this and after he had advertised the property for sale, the authorities of the church raised the bell into the tower to place the same in its proper place, or that designed for it at the time of the erection of the church. Before it was fully fastened, defendant took actual possession thereof and was about to remove it from the premises, when it was replevied. The bell was left in the frame, and was only intended to remain there until the belfry was completed. Upon these facts, under the instructions of the court, the jury found for plaintiff, and defendant appeals.

*Samuels, Allison & Crane* for the appellant, relied upon Am. & Fer. on Fixt. 3, 136, 148; *Walker* v. *Sherman*, 20 Wend. 636; *Freedland* v. *Southworth*, 24 Ib. 191; *Leaf* v. *Hewett*, 1 Ohio S. 511; *Dispatch Line* v. *Bellamy* 12 N. H. 205; *Swift* v. *Thompson*, 9 Conn. 63; *Vanderpool* v. *Van Allen*, 10 Barb. 157; *Gale* v. *Ward*, 14 Mass. 352; *Kerime* v. *Latour*, 1 Har. & John. 289; *Miller* v. *Plumb*, 6 Cow. 665; *Willshear* v. *Cottwell*, 18 Eng. L. & E. 142; 2 Smith's L. C. 99 (marg.) and the cases cited in the American Notes; *Montague* v. *Dent*, 10 Rich. L. 135; *Farris* v. *Walker*, 1 Bailey 540; *Smith* v. *Carroll*, 4 G. Greene 146; *Crepon* v. *Stent*, 17 John. 116; *Sturges* v. *Warren*, 11 Verm. 433; *Trapps* v. *Harter*, 3 Tyrwhitt 604; *Taffee* v. *Warwick*, 3 Blackf. 111; *Chatleson* v. *Saul*, 15 Ill. 149.

*Poor, Adams & Cram* for the appellee, cited *Rogers, et al* v. *Gillinger, et al*, Penn. S. R. 185; *Bishop* v. *Bishop*, 1 Ker. 123; *Goodrich* v. *Jones*, 2 Hill 142; *Snedeker* v. *Warring*, 2 Ker. 170.

WRIGHT, J.—When a party has, by his own tortious act, severed an article from the realty, which but for such severance would be real property, replevin will lie for its recovery. Such act, however, will not have the effect of making the property liable to execution, if it was before exempt. The only question in this case, then, is whether the property in controversy was, at the time of the seizure by defendant, exempt from execution. And it is admitted that it was so exempt, if it was so attached as to constitute and become a part of the realty.

The general rule is as stated by appellant and found in Am. & Fer. on Fixt. 3, "that to constitute a fixture in its strict sense, there must be a substantial and permanent annexation to the freehold itself, or to something connected with the freehold." And exceptions contravening the spirit and policy of this rule, should not be favored. The character of the article, that is, whether it is a fixture or personal

property, must, however, very often be determined from a knowledge of the purpose designed in its erection or connection. As is said in *Snedeker* v. *Warring*, 2 Ker. 170, the connection of the article "with the land is looked at principally for the purpose of ascertaining whether the intent was that it should retain its original chattel character, or whether it was designed to make it a permanent accession to the land." Thus, while a bell, belonging to a religious society, if left upon the ground or placed in the building, without use, might in no sense be so far of the realty as to be exempt from execution as a part thereof, yet if placed in a frame on the church lot, and used, it would be exempt, though the posts of the frame were not let into the ground. The placing it in this position and this use, indicate unmistakably the intention of the society to affix it to the realty, to render it a permanent accession to the land; to appropriate to the purpose designed, and to divest it of its original chattel character. And though it be admitted that the mere intent to thus convert it without some act, would not be sufficient, yet the act and use indicate the intention, and have the effect of changing the character.

In our opinion the verdict was warranted by the testimony, and there was no error in overruling the motion for a new trial.