[Argued November 28, 1892; decided December 26, 1892.

## MUIR et al. *v.* S. W. JONES.

[S. C. 31 Pac. Rep. 646; 19 L. R. A. 441.]

FIXTURES—PAROL RESERVATION—BONA FIDE PURCHASER.—Chattels that have become permanently affixed to the soil pass ordinarily with the land, and though by a special parol agreement they may be reserved and continue as chattels, yet such a parol agreement cannot be enforced

against a *bona fide* purchaser of the land, without notice of such agreement.[*]

IDEM.— *Bona fide* purchasers of land without notice are not affected by a private parol agreement changing into personal property what would otherwise be part of the realty, but they have a right to all incidents and appurtenances which by the general law would result from such a purchase.

Marion County : REUBEN P. BOISE, Judge.

Action of replevin for an engine and boiler. These chattels were permanently affixed to the soil and constituted part of a sawmill built by a Mrs. Dennis, who afterward sold the land to the defendant's grantor with a parol reservation of the mill. Defendant bought the ground without any knowledge of this parol agreement, and now claims the engine and boiler as appurtenances. The plaintiffs bought the mill from Mrs. Dennis after she had sold the land, and without any knowledge of the claim of defendant. The court instructed the jury that the mill was appurtenant to the soil, and if the defendant bought the farm on which the mill was situated without knowledge of the parol reservation by Mrs. Dennis, he could hold it. Judgment went for the defendant, and the plaintiffs appeal. Affirmed.

*Bonham & Holmes*, for Appellants.

*D'Arcy & Bingham*, for Respondent.

The mill was attached to the freehold at the time of respondent's purchase, and after paying full value and without notice of any latent equities, to be deprived of it would work a hardship which the law never sanctions. While there is a great deal of uncertainty on the subject generally, yet as between vendor and vendee the rules are more strict and their application much more certain. The rules are the same whether the sale is by the owner or a public officer under the law: *Price* v. *Brayton*, 19

---

[*] NOTE.— The effect of an agreement preventing fixtures from becoming a part of the realty is the subject of an exhaustive note to the above case in 19 L. R. A. 441.— REPORTER.

Iowa, 309. In *Farrar* v. *Stackpole*, 6 Me. 154, it was held that by a conveyance of a sawmill with the appurtenances, the mill chains, dogs, and bars, being in their appropriate places at the time of the conveyance, passed to the grantee. In *Fairis* v. *Walker*, 1 Bailey, L. 540, it was held that a cotton-gin attached to the gears in a ginhouse, on a plantation, passed by a conveyance of the land.

In *Stillman* v. *Flenniken*, 58 Iowa, 450, it was held that a smutter, which was placed in a mill in the usual manner, ·and for use of which rent was to be paid equal to ten per cent per annum on the cost of the smutter, the title to which was not to pass to the millowners, was a fixture, and would pass at a judicial sale, the purchaser having no notice of the agreement under which the smutter was placed in the mill.   See also *Southbridge Savings Bank* v. *Stevens Tool Co.* 130 Mass. 547; *Knowlton* v. *Johnson*, 37 Mich. 47; *Thomas* v. *Davis*, 76 Mo. 72–78; *Burnside* v. *Twitchell*, 43 N. H. 390–393; *Arnold* v. *Crowder*, 81 Ill. 56; *Harlan* v. *Harlan*, 15 Pa. 507–513 (53 Am. Dec. 612); 8 Am. & Eng. Enc. Law, 50–57.

LORD, C. J.—This was an action in replevin to recover a steam engine and boiler which the plaintiffs claim to own by purchase from one Sarah E. Dennis.   Substantially the facts are these:   Sarah E. Dennis, owning a farm on the Willamette River, purchased an engine, boiler, and other fixtures and attachments necessary to make a steam sawmill, and erected the same on her land to saw timber thereon, and also to saw timber which was cut from another farm owned by her on the same river a short distance above, and floated down to the mill.   When Mrs. Dennis erected this steam sawmill on her land, she did not intend to make it a part of the realty,—her intention was to preserve its character as personal property.   Subsequently she sold the land on which the mill was so situated to one Bowman, orally informing him that the steam sawmill was no part of the realty, and reserving the right to enter upon the land and take it away.   Bow-

man sold the same land to Fairchild, with like notice and reservation of the rights of Mrs. Dennis; and Fairchild sold it to Stranahan, to whom he gave like notice of the rights of Mrs. Dennis in regard to the status of the mill property. Stranahan sold to the defendant Jones without informing or giving him any notice of the parol agreement or reservation in respect to the mill property. Mrs. Dennis sold the mill, including the engine and boiler in controversy, to the plaintiffs, who undertook to haul them away, but the wagon miring down, they were compelled to leave them by the roadside, where the defendant, when he heard of their removal from the land, recaptured them. The engine and boiler was a stationary one, which was permanently affixed to the soil; the boiler being enclosed by brickwork, and the engine fastened to timbers imbedded in the ground by means of bolts. The flood of 1890 washed off some portions of the mill, leaving it in a damaged and dilapidated condition, in which state it was during the transactions above mentioned. All the deeds to the land upon which this mill was located were warranty deeds, with full covenants and without any reservation whatever, conveying the land to the grantees, together with the tenements and appurtenances thereunto belonging.

It is conceded that the defendant, when he purchased the land from Stranahan, had no knowledge or information that the sawmill, or the engine and boiler in controversy, were not the property of his grantor, or that any one else other than his grantor claimed to own the sawmill, or the boiler and engine, but that he purchased the same in good faith, and paid full value for the land and all things pertaining thereto, and believed that he was obtaining a good title to the farm and the sawmill. Upon this state of facts, the court charged the jury, in effect, that if Mrs. Dennis, when she sold the land upon which this sawmill, engine and boiler were situated, reserved to herself the sawmill, engine and boiler, and the right to enter upon the premises and remove them, and if the defendant

had notice of such reservation, then the plaintiff would be
entitled to recover in this action; but that if she suffered
them to remain on the premises and attached to the same,
and the defendant had no notice of any such reservation
at the time he purchased the premises, then the defend-
ant would not be bound by such reservation, and the mill,
or the engine and boiler, would pass to him with a con-
veyance of the real property. No exception was taken
to the first part of this instruction, but only to that por-
tion of it which declares that the engine and boiler, when
so attached to the soil as to become a part of the realty,
pass to the grantee with the conveyance, unless he had
notice of the intention to preserve them as personal prop-
erty and reserve them from the operation of the convey-
ance.

The instruction declared, in effect, that it was compe-
tent for Mrs. Dennis to preserve and continue the char-
acter of the engine and boiler as personal property after
she had so permanently affixed them to the soil as to
make them a part of the realty, if, at the time of her con-
veyance of the land, she had by a parol agreement
reserved them from its operation, as personal property,
and the defendant Jones was chargeable with notice of
it; otherwise he would be entitled to hold them as a part
of the realty. In a word, if the defendant bought the
land with notice of the parol agreement and Mrs. Dennis'
rights under it, he would be bound by it. The conten-
tion for the plaintiffs is, that although the mill property,
including the engine and boiler in controversy, was
attached to the soil as a part of the realty, yet it was not
such at the time of the sale, because by her parol agree-
ment with her grantee she preserved and reserved its
character as personalty, so that no title to it could vest
in him, or any purchaser of the land, though he had no
notice of such agreement. "Briefly stated," say counsel,
"our contention is, that Mr. Stranahan could invest the
defendant with no better title than he himself possessed,

and he never had or claimed title to the mill, or any part of the same."

This argument proceeds upon the idea that a purchaser of land would be bound by an agreement of the vendor, which preserves to those chattels which have become fixtures, or a part of the realty, the character of personal property, though he had no notice of it. We are unable to subscribe to this doctrine. Mr. Stranahan may not have had the title to the mill property, or claimed title to it as between Mrs. Dennis and himself, because he had notice of the parol agreement and her rights in the premises, but as the mill property had become a part of the realty, except as its character as personalty had been retained by force of the parol agreement, he stood as to third persons who were without notice of such agreement, clothed with the *indicia* of ownership of the mill property, and his deed passed title to it as any other fixture which was a part of the realty. While, by agreement between the parties, barns or other structures, or fixtures, so attached to the soil as to become ordinarily a part of the realty, may be made to remain personal property, yet the general course of decisions is that a purchaser of land on which such fixtures are located must have notice of such agreement, or he will be entitled to hold them as a part of the realty.

The case of *Russell* v. *Richards*, 10 Me. 429 (25 Am. Dec. 254), cited and relied upon, is in point as supporting the contention for the plaintiffs. It was there held that *bona fide* purchasers. who, without notice, acquire title to land, are not entitled to claim such structures as a house, store, or mill standing on the land at the time of purchase, if such buildings were at such time the property of a third person, although from their situation upon the land they had the appearance of being a part of the realty. But in *Fifield* v. *Me. Cent. R. R. Co.* 62 Me. 80, it is said that "the case of *Russell* v. *Richards* does not accord with the adjudged cases in Massachusetts and New Hampshire in this respect, and the general course of decision is rather

XXIII. OR.—22.

opposed to it." In *Hunt* v. *Bay State Iron Co.* 97 Mass. 283, the court says: "Upon the question whether the character of property can be changed by agreement from realty to personalty as against a *bona fide* purchaser without notice, there is not entire harmony of the authorities, but we regard the better opinion as being that such purchaser must have notice of the agreement before he acquires title, or he will be entitled to claim and hold everything which appears to be, and by its ordinary nature is, a part of the realty. To hold otherwise would contravene the policy of the laws requiring conveyances of interests in real estate to be recorded, seriously endanger the rights of purchasers, afford opportunities for frauds, and introduce uncertainty and confusion into land titles." See also *Pierce* v. *Emery*, 32 N. H. 484; *Haven* v. *Emery*, 33 N. H. 66; *Elwes* v. *Maw*, 3 East. 38; *Pasley* v. *Freeman*, 2 Smith Lead. Cas. 99, and notes; Ewell on Fixtures, 21; 8 Am. and Eng. Enc. 50, 57.

In *Helm* v. *Gilroy*, 20 Or. 517 (26 Pac. Rep. 851), it was held that as between mortgagor and mortgagee, machinery necessary for and used in the operation of a sash and door and planing-mill, when affixed to the building by screws, bolts, and bands, is a fixture, and subject to the lien of the mortgage. So in *Pea* v. *Pea*, 35 Ind. 387, it was held that where land is sold and conveyed, having situate upon and attached and affixed to it a steam sawmill and machinery, they will be regarded as part of the realty, and will pass to the grantee by the conveyance. This being so, subsequent *bona fide* purchasers, without notice, would not be affected by a private parol agreement, changing what otherwise would be a part of the realty into personal property, but they would have a right to claim that they acquired all incidents and appurtenances which, by the general rule of law, would result from such a purchase.

We think there was no error, and the judgment must be affirmed.