## FRANK PABST and Another v. EMIL FERCH.[1]

June 12, 1914.

Nos. 18,586—(126).

**Notice from occupancy of land.**

1. The general rule, that actual possession and occupancy of land is notice to third persons of the rights and interests therein of the person so in possession, has a qualified application, where the possessor stands by and participates in a sale of the land by the holder of the legal title and fails to give the purchaser notice of rights which are not disclosed by the record, or are not apparent from an inspection of the premises.

**Estoppel of tenant — removal of fixtures.**

2. In such case, if the possessor be a tenant, his silence will estop him from subsequently insisting upon the right to remove fixtures placed by him upon the land, under an agreement for removal, where such fixtures are in nature and character apparently permanent improvements and such as ordinarily may be found attached to and a part of real property.

**Same — inquiry of tenant.**

3. As to fixtures of that character the purchaser is under no legal obli-

[1] Reported in 147 N. W. 714.

---

Note.—The authorities on the question of possession as notice of title are reviewed in an extensive note in 13 L.R.A.(N.S.) 51.

As to the tenant's rights as to removal of fixtures, see note in 64 L.R.A. 662.

gation to make inquiry of the tenant in possession, where the latter participates in the negotiations for the sale, is cognizant of the terms thereof, and asserts no rights in or to the same.

**Engine and pump.**

4. A gasolene engine and equipment placed upon a farm by a tenant for use in pumping water from a well, and under agreement for removal, is not *prima facie*, a permanent improvement, and a purchaser of the farm is under legal obligation to inquire of the tenant respecting his rights thereto.

**Conversations with decedent — testimony of his heirs.**

5. The heirs of a deceased person are not incompetent to give in evidence declarations or conversations of the deceased, where neither they nor the estate can be made liable for the result of the action.

Action in the district court for Le Sueur county to recover $85.50 for the conversion of certain chattels. The case was tried before Morrison, J., who made findings and ordered judgment for $93.62 in favor of plaintiffs. From the order denying his motion for a new trial, defendant appealed. Reversed.

*Moonan & Moonan,* for appellant.

*S. B. Wilson,* for respondents.

BROWN, C. J.

This action was brought to recover the value of certain articles of personal property, alleged to have been wrongfully taken by defendant and converted to his own use. The trial court ordered judgment for plaintiffs for the full amount claimed, and defendant appealed from an order denying a new trial.

The facts, in brief, are as follows: In March, 1911, Ludwig Ferch was the owner of a tract of land in Le Sueur county which was then in the actual possession and occupancy of defendant, his son, as tenant. At the time stated, the senior Ferch entered into a contract for the conveyance of the land to plaintiffs, the conveyance to be made upon payment of the purchase price as provided for by the contract. In and by the contract the vendor reserved the right to remove from the land a machine shed situated thereon, and also log stable. Defendant, then holding possession of the land

as tenant, was present, pending the negotiations for the sale of the land, and interposed no claim to any part of the property here involved, which was upon the premises at that time. Plaintiffs, with knowledge of defendant's possession, made no inquiry of him respecting any right he might have to any of the property. Thereafter, and before the expiration of his lease, defendant removed from the farm the articles of property in controversy, on the claim that he was the owner thereof and had placed them upon the farm under the agreement with his father that he might remove the same at the termination of the lease. It was contended by plaintiffs that all the articles were so attached to the land as to become part thereof, and were not removable fixtures; and further, that, by standing by, with full knowledge of the sale of the farm to plaintiffs and failing to make known his claim to the property, defendant estopped himself from claiming the same. Practically all the evidence offered by defendant to sustain his claim to the property was excluded by the trial court as incompetent. The father had died before the commencement of the action, and the evidence offered tended to show conversations with him by witnesses who, the trial court held, were interested in the result of the action, and for this reason their testimony was excluded. The court, however, recognized a claim of ownership by defendant, but found as a fact that by his silence when the land was sold he was estopped to assert such claim. Upon this theory, the court ordered judgment for plaintiffs for the value of the several articles of property so taken from the land. By this ruling, the trial court held that it was incumbent upon defendant to make known his claim of title to each article of property involved, notwithstanding the fact that he was in the actual possession of the property at the time of the sale to plaintiffs, of which fact plaintiffs had full notice, and for his failure to do so, though no inquiry was made by plaintiffs, he forfeited his claim to the same. We dispose of the case upon the theory adopted by the trial court.

Though the principles of the law of fixtures are well settled, there are no fixed rules or standards, applicable alike to all cases, by which to determine what are or are not removable as such. Each

case must be determined in the light of its own particular facts. Wolford v. Baxter, 33 Minn. 12, 21 N. W. 744, 53 Am. Rep. 1; White Enamel Refrigerator Co. v. Kruse, 121 Minn. 479, 140 N. W. 114. As between landlord and tenant, specific articles of personal property attached to real estate might be removable as fixtures, and entirely the reverse be true as between the tenant and a purchaser of the realty without notice of the tenant's rights. As between such purchaser, without notice, and the tenant, it may safely be stated as a general rule that the purchaser of land takes all articles of personal property which are annexed thereto at the time of the purchase, where in character they are such as ordinarily are attached as permanent improvements of the particular class of realty. This would of course exclude all such chattels, though in some form or other attached to the land, as apparently were brought and placed thereon for some domestic use or convenience, such as trade fixtures, and such as ordinarily are not essential or indispensable to the use and enjoyment of the land or the purposes to which it may have been improved or adapted. Bronson, Fixtures, 28; Wolford v. Baxter, 33 Minn. 12, 21 N. W. 744, 53 Am. Rep. 1; Farmers' L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543, 29 N. W. 349; 2 Notes on Minn. Reports, 665, and authorities there cited; Northwestern Lumber & Wrecking Co. v. Parker, 125 Minn. 107, 145 N. W. 964, 13 Am. & Eng. Enc. (2d ed.) 608.

It is well settled that the purchaser of real property, which is in the actual possession of a third person, whether as tenant or otherwise, is chargeable with notice of all the rights of such person, and to protect himself is bound to make proper inquiry to ascertain what those rights are. Sassen v. Haegle, 125 Minn. 441, 147 N. W. 445. The rule is too well settled to require an extended citation of authorities. It is equally true, as a general rule, that a person, whether as tenant or otherwise, claiming some right or interest in or to real property, or to some part thereof, who stands by and permits a sale thereof by the holder of the legal title without making known his claim, is estopped thereafter to urge such claim as against the

purchaser. He is precluded by his conduct from insisting upon his rights whatever they may be.

These rules and principles of the law are well settled, apply to this case, and imposed reciprocal duties upon both parties; upon the purchaser the duty to inquire concerning the rights of the tenant in possession, and upon the tenant, being cognizant of the intended sale of the property and participating in the negotiations therefor, the duty to make known his rights in the premises. We have then only to determine whether plaintiffs were under legal obligation to make inquiry concerning the rights of defendant in respect to any of the different articles of the property in controversy, and whether defendant was in duty bound to make known his claim to any of them.

At the time defendant took possession of the land, he erected thereon an inclosure in which to confine ducks and young chickens. It was made of wire attached to posts set into the ground, and was an inclosure of some 17 rods in dimension. From all appearances this was a permanent improvement, and such as might ordinarily be found upon a well equipped farm, differing in no essential respect from a pasture for cattle similarly inclosed. Plaintiffs, therefore, had the right to assume that it was a part of the farm as a permanent improvement, and were under no legal duty to inquire of the tenant whether he claimed the right to remove it. On the contrary, in view of the character of the inclosure and the manner it was attached and fixed to the land, defendant, knowing of the contemplated sale to plaintiffs, was bound to assert his alleged right of removal. From all appearances, the inclosure was a part of the farm and plaintiffs had the right to act accordingly. 39 Cyc. 1710; 13 Am. & Eng. Enc. (2d ed.) 608.

Defendant also purchased material and erected a small building upon the farm adjacent to a well thereon in which to house a gasolene engine, used in pumping water, and this he removed. We think, on the facts disclosed, and so hold, that he had no right to remove this building. In view of the fact that he was aware of the contract of sale, and that therein certain other buildings were excluded there-

from, it was incumbent upon him to assert his right to remove the particular building. It was a structure upon the farm and to all intents and purposes designed as a permanent fixture thereon. His possession of the property was not sufficient notice of his alleged claim, and there was nothing to indicate to plaintiffs that he might have a possible right to remove it. Powers v. Dennison, 30 Vt. 752; Prince v. Case, 10 Conn. 375.

Defendant also purchased and installed within the building just referred to a gasolene engine, equipping it with a pump jack and certain pipes, and used as a convenience in pumping water from the well. These were not fixtures within the decisions of this court in Wolford v. Baxter, 33 Minn. 12, 21 N. W. 744, 53 Am. Rep. 1; White Enamel Refrigerator Co. v. Kruse, 121 Minn. 479, 140 N. W. 114, and defendant was under no special duty to notify plaintiffs of his claim thereto. The engine was not so fixed to the land, as an essential to the use of the farm, as to justify the inference that it was placed there as a permanent improvement, and plaintiffs should have inquired of defendant concerning the same. Having failed to do so, they can now have no valid right to recover for its removal. The situation in respect to these articles of property is entirely different from that presented by the building and chicken inclosure. Those structures had the appearance of being permanent, and such as ordinarily might be found upon such property, thereby justifying a purchaser in acting accordingly. Whereas, the engine and equipment was *prima facie* personal property, not essential or necessary to the use of the farm, and sufficient to put plaintiffs, as purchasers, upon inquiry.

The situation presented as to all this property is one where the parties were to a certain extent, as already stated, under obligation to each other; the plaintiffs, as purchasers of the land, to inquire respecting the rights of defendant, the tenant in possession, and the defendant to inform plaintiffs of rights claimed by him which were not open and apparent. Neither party complied with the obligation and each, therefore, was entitled to act upon appearances, such as ordinarily are presented in respect to improvements

upon farm land. And, by the failure of defendant to point out to plaintiffs at the time of the sale his claim to those portions of the property which appeared to be permanent fixtures, he forfeited his rights and cannot now complain. And, by the failure of plaintiffs to inquire of defendant in respect to the engine and equipment, apparently a temporary farm convenience and *prima facie* removable personal property, they forfeited all right to now insist that such articles passed to them by the transfer of the land.

It follows, then, that the trial court erred in awarding judgment to plaintiffs for the value of the engine and equipment, though it was right in granting recovery for the other articles. A new trial must therefore be had, unless the parties are disposed to end the controversy in harmony with the views here expressed, which may be accomplished by an application to the trial court to amend its findings of fact and conclusions of law accordingly.

If, however, a new trial is had, and in view of that result, and as a guide to further proceedings in that respect, we hold that it was error to exclude the testimony of the witnesses offered by defendant to establish the alleged agreement under which he claimed the right to remove the property from the farm. The witnesses were the widow and son of decedent, who testified that they knew what the agreement was and the tenor and effect thereof. Those parties had no such interest in the outcome of this litigation, as to render them incompetent under the statute excluding evidence of conversations with deceased persons. The estate of decedent had been closed, and the property thereof distributed to the heirs. In any event, the estate was not liable over to defendant for any loss suffered in consequence of a recovery by plaintiffs, nor were the heirs liable. Neither decedent nor any one representing his estate was under any obligation to protect defendant in his claim to this property. At most it was a privilege granted him to remove it and was, as to part of the property, lost by his failure to make known his claim thereto before the sale was completed. The loss could, in no possible view of the law, be charged back to his father's estate, for defendant alone was responsible therefor.

Order reversed.