INHABITANTS OF THE TOWN OF ANDOVER *vs.* ETHEL M. MCALLISTER.

## Oxford.    Opinion April 20, 1920.

*Replevin.    Bailment.    Innocent purchasers.    Estoppel.    Record.    Constructive notice.    Rule as to chattels attached to the realty.*

Where a sum of money was raised by public subscription for the purchase of a bell and tolling-fork, and the bell was given to the town with the understanding it was to be hung in a church to be rung for church purposes and on public occasions, but was to be controlled by the voters of the town; and afterwards the church property was sold, the purchaser having no knowledge of the claim of the town to the bell.

*Held:*

(1) That either the relation of bailer and bailee existed in case the bell was delivered to the church and erected in the church edifice by the church itself; or if installed by the town it was done by license from the church, either express or implied, in which case the law governing the rights of innocent purchasers of real estate in fixtures will control.

(2) Where a bailor by his voluntary act confers on his bailee an apparent right of property other than would ordinarily follow from possession and permit him to retain and use it under conditions that would naturally mislead an innocent purchaser without notice of the title, he is estopped from setting up his title as bailor against such innocent purchaser.

(3) A record that is not required by law to be made is not constructive notice of what it contains.

(4) The rule in this state relating to buildings erected on another's land never having been extended by this court to other fixtures, and having been abolished by the legislature, the court now adopts as to other chattels the rule generally followed in other jurisdictions; that chattels attached to the realty in such manner as to indicate they are fixtures will pass by deed or mortgage of the real estate to an innocent purchaser or mortgagee, notwithstanding an agreement between the owner of the chattel and the owner of the realty, that they shall not become a part of the real estate.

Reported on agreed statement of facts. This is an action of replevin to recover a bell with tongue and tolling-fork. Plea, the general issue with brief statement alleging title in said bell, tongue, and tolling-fork, to be in defendant.

Judgment for defendant. Chattels to be returned to defendant, and damages, if any, to be assessed by the court below.

Case stated in the opinion.

*Ralph T. Parker, and Aretas E. Stearns,* for plaintiff.

*Matthew McCarthy,* for defendant.

SITTING: SPEAR, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

WILSON, J. An action of replevin to recover a church bell, tongue and tolling-fork. It is before this court on an agreed statement of facts. In 1870, the trustees of the Methodist Episcopal Church in the town of Andover purchased a lot of land and erected thereon a church for the use of the Methodist Episcopal Society of that town. While the church was in process of construction a fund was raised by the pastor of the church, by public subscription, and a bell with tolling-fork was purchased, with the understanding that it was to be hung in the belfry of the church, to be used for public as well as church purposes. With this in view, it was presented to the town upon the conditions, according to the agreed statement, that it should be rung on all public occasions, should never be removed from the town, should be controlled by the voters of the town, and should remain in the church building so long as the Methodist Society held together.

In 1917, the Society having ceased to hold any meetings, the church property was sold to the defendant, who took possession of the bell and refused to deliver it up on demand of the town some six months after the sale. It is admitted, however, that at the time of the sale, neither the municipal officers, nor the trustees of the church, nor the defendant had any actual knowledge of the conditions under which the bell was placed in the church.

In several important particulars the agreed statement is lacking in complete information. It does not appear from the record or by express stipulation that the gift was accepted by the town, although the conditions of the gift were spread upon the town records; neither does it appear, except perhaps by inference, who installed the bell in the church edifice, whether the town or the church.

We conclude, however, that it is the understanding of the parties that the bell became the property of the town at the time of purchase,

upon the above conditions, which is, of course, predicated upon an acceptance by the town. Argument of counsel clearly indicates that such is their understanding of the stipulations contained in the agreed statement.

The bell must either have been delivered to the church by the town, and put in place by the church itself, or the town must have installed it in the church under license, express or implied, from the church. It is inconceivable that it could have been done without the knowledge and consent of the church officials. In the first instance, which is the more probable from the facts set forth in the agreed statement, the relation of bailor and bailee would be created; while in the latter instance the rights of the parties may have to be determined under the law relating to chattels attached to the realty of another under a license or agreement, but with the intent that they shall remain personal property. In either event we think the title of the defendant should prevail.

While the general rule in case of unauthorized sales of a thing bailed by the bailee, the purchaser acquires no better title against the bailor than the bailee had, 3 R. C. L., 142; *Emerson* v. *Fisk*, 6 Maine, 200; the bailor may be estopped from setting up his title against a *bona fide* purchaser from his bailee, if, by his voluntary act, he has conferred upon his bailee an apparent right of property other than would ordinarily follow from mere possession. *Morsch* v. *Lessig*, 45 Colo., 168; *Midland Co.* v. *Hitchcock*, 37 N. J. E., 549; *Smith* v. *Clews*, 105 N. Y., 283; 6 Cyc., 1148. In *Fryatt* v. *The Sullivan Co.*, 5 Hill, (N. Y.), 116 (App. 7 Hill, 529), it was held that even where the bailee tortiously annexed the chattel bailed to the realty, an innocent purchaser of the real estate would hold against the bailor.

In the instant case, the town, after having accepted the gift, having voluntarily delivered the bell or consented to its delivery, to the church knowing that it was to be placed in the church belfry, and except for the conditions upon which it was given and installed in the church, that it would become a part of the realty, *Cong. Society of Dubuque* v. *Fleming*, 11 Ia., 533, and would pass by a deed of the church property, *Davis* v. *Buffum*, 51 Maine, 160, permitted it to remain there under conditions that would naturally mislead a purchaser without notice as to the title; we think it is now estopped from setting up its title against such innocent purchaser. 3 R. C. L., 143; 6 Corp. Juris, 1148.

It is not a question of estoppel of the town by its failure to act at the time of the sale, but by its original voluntary act in consenting to the affixing of its chattel to the realty of the church thereby enabling the church, though not with any wrongful intent, to mislead an innocent purchaser. The record of the conditions of the gift of the bell not being one required by law cannot be held to be constructive notice to purchaser of the church property of any claim by the town to the bell.

The plaintiff contends the question should be determined by the law relating to fixtures which have been attached to the realty with the understanding that they shall remain personalty and shall not become a part of the real estate; and that the rule laid down in *Russell* v. *Richards*, 10 Maine, 429, and followed in *Hilborne* v. *Brown*, 12 Maine, 162; *Tapley* v. *Smith*, 18 Maine, 12; and *Peaks* v. *Hutchinson*, 96 Maine, 530 in relation to buildings erected by consent or license on the land of another, but with the understanding that they should remain the property of the one constructing them, should determine this case. The rule laid down in those cases, being that such buildings do not pass by deed of the land even to an innocent purchaser.

This rule is contrary to the weight of authority in this country and has been frequently criticised by this court, and was finally upon suggestion of the court in the case of *Peaks* v. *Hutchinson*, supra, abolished by the legislature, Chap. 150, Public Laws, 1903, so that it no longer obtains in this State. But the plaintiff contends it was only abolished as to buildings erected on the land of another and still remains in full effect as to all other chattels, and cites the case of *Young* v. *Chandler*, 102 Maine, 251, 255. We do not find, however, that this court has ever applied this doctrine to any other class of property than buildings and the court remarked in *Dustin* v. *Crosby*, 75 Maine, 75, that the doctrine should not be extended owing to the criticism it has incurred. The case of *Young* v. *Chandler* involved, so far as the application of this rule is concerned, only the title to a building, and was decided on another ground. The seeming general application of the rule is, therefore, purely dicta, and is not to the extent contended by the plaintiff, supported by the authorities cited. On the other hand, in *Hawkins* v. *Hersey*, 86 Maine, 394, 397, though dicta also, the court laid down the law, as applied to such chattels as machinery, in accordance with that generally followed in other juris-

dictions, viz: That chattels attached to realty, though between the owner and the owner of the realty they may by agreement remain personalty, pass by deed or mortgage of the realty to a mortgagee or purchaser without notice.

Since the rule in relation to buildings erected on land of another under consent or license has been already abolished by the legislature, Sec. 39, Chap. 78, R. S., 1916, and was peculiar to this and, perhaps, two other states, Alabama and New York; and this court has not had occasion to determine the rule applicable to other chattels, but has on several occasions criticised the rule in relation to buildings as laid down in *Russell* v. *Richards,* supra, and has refused to extend it further in relation to that class of property than its original application made necessary; we feel at liberty now to adopt the rule as to other chattels that seems to us more consonant with reason and accords with the great weight of authority elsewhere, and hold: That chattels attached to the realty in such a manner as to indicate they are fixtures will pass by deed or mortgage of the real estate to a purchaser or mortgagee without notice, notwithstanding an agreement, either express or implied, between the owner of the chattel and owner of the realty that they are to remain personalty and shall not become a part of the real estate. *Bank* v. *Exeter Works,* 127 Mass., 542; *Thompson* v. *Vinton,* 121 Mass., 139; *Tibbetts* v. *Horne,* 65 N. H., 242; *Powers* v. *Dennison,* 30 Vt., 752; *Prince* v. *Case,* 10 Conn., 375; *Stillman* v. *Flenniken,* 58 Ia., 450; *Fifield* v. *Farmers' Nat. Bank,* 148 Ill., 163; *Rowand* v. *Anderson, et al.,* 33 Kan., 264; *Knowlton* v. *Johnson,* 37 Mich., 47; *Case Mfg. Co.* v. *Garven,* 45 Ohio St., 289; 11 R. C. L., 1064-5.

Entry will be:

> *Judgment for defendant.*
> *Chattels to be returned to defend-*
> *ant, and damages, if any, to be*
> *assessed by the court below.*