**ALLEN et al. v. SELMAN et al.**
(No. 8046.)

Court of Civil Appeals of Texas, San Antonio.
Oct. 17, 1928.

Gus L. Kowalski, of Kingsville, for appellants.

C. H. Reese and E. H. Crenshaw, Jr., both of Kingsville, for appellee.

SMITH, J. John Selman owned and operated a cotton gin in Kleberg county. In October, 1927, Frank C. Allen and another brought suit against Selman to recover the amount of a note and open account he owed them, and, as an incident to the suit, caused a writ of attachment to issue and be levied upon a part of Selman's gin plant. In December, while the seized machinery was still under attachment, Selman sold the same to W. J. Bryan, who subsequently intervened in the suit and claimed ownership of the gin machinery by reason of his purchase thereof from Selman. Both Bryan and Selman filed identical motions to quash the writ of attachment, which motions were granted. Judgment was rendered against Selman in favor of Allen for the amount of his debt, but quashing the writ and quieting Bryan's title to the machinery in controversy. Allen and his associate have appealed.

The cotton gin was located upon land owned by the St. Louis, Brownsville & Mexico Railway Company, under a lease agreement with the gin owner, which under its express

terms could be terminated by either party at any time upon 30 days' notice. The particular machinery levied upon included four 70-saw steel gins, four 70-saw cleaning feeders, and four steel supercleaners. This was "very heavy, bulky machinery and appeared to be set on a concrete foundation and bolted to it and to the other machinery in the gin as well as to some wooden beams or posts."

■ Undoubtedly, if this machinery had been the property of the owner of the land upon which it was situated, it would be regarded as a part of the realty under the other facts in the case. But, since it was the property of Selman, who did not own the land, but was merely a tenant at will thereon, we conclude that the machinery must be regarded as the personal property of Selman, for the purposes of this inquiry. In cases such as this, an article takes its character, as being personal or real property, from its nature, from its situation relative to the real property to which it is attached, and from the intention of its owner. If the article is adaptable to the purposes of the realty to which it is attached, if it has been annexed or attached to the real property, and if it was the intention of the party controlling it that the article should become a permanent accession to the freehold, then it becomes a part of the realty and assumes the character of real property. Hutchins v. Masterson, 46 Tex. 554, 26 Am. Rep. 286; Jones v. Bull, 85 Tex. 136, 19 S. W. 1031.

So, if the gin machinery in controversy had been the property of the owner of the land to which it was annexed, and had been so annexed by him, then under the other facts stated that machinery would be regarded as a part of the realty.

But it was not so attached by the owner, but by Selman, a lessee, under the privileges of a tenancy at will, and with an express stipulation that it was to be removed from the leased premises upon the termination of the lease, which might occur at any time at the option of either the lessor or the lessee. We think these facts negative the character of realty, and establish the character of personalty.

■ The gin machinery was attached by the sheriff as personal property. The sheriff made the levy by going upon the premises, where he entered the ginhouse, located the specified articles, and tacked notices upon the wooden posts by which the articles were in part fastened to the premises. In these notices, duly signed by the sheriff in his official capacity, the fact of the levy was efficiently and sufficiently declared. The facts show conclusively that it would have been wholly impracticable, if not practically impossible, for the sheriff to take and keep manual possession of the seized property, and he made no effort to do so. He simply posted the notices mentioned, and left the machinery in place. Two weeks later the sheriff visited the property and observed that the notices of the levy had been removed from view, but he made no effort to replace them or otherwise effectuate his attempted constructive possession of the property. The consequence was that shortly thereafter, when Bryan inspected the property with a view of purchasing it, there was nothing to advise him of the previously attempted levy, of which he had no other character of notice, and in ignorance of which he bought and paid full value for the property. Under these facts, the trial court found that Bryan was an innocent purchaser of the attached property, and rendered judgment quieting his title thereto as against the creditor's claim of an attachment lien. We approve the judgment.

It is provided by statute that:

"When personal property is attached, the same shall remain in the hands of the officer attaching until final judgment," except in certain contingencies not existing in this case. Article 290, R. S. 1925.

It is not deemed necessary to decide that the character of the levy made was such as to place the levying officer in constructive possession of the property. If the officer did thereby take the property into his possession, he did not retain it as required by statute, but abandoned it, for he knew that some one had removed the evidence of his possession, and made no effort to replace that evidence or reclaim the custody of the property.

■ It is contended by appellant that appellee had knowledge of facts and circumstances which necessarily put him upon notice of the levy. There was material evidence upon this issue, which the trial court resolved against appellant, thus foreclosing it.

No reversible error is presented in the appeal, and the judgment is accordingly affirmed.