MATILDA F. BURBRIDGE, a widow, *Appellant,* v. J. H. THER-
RELL, as Liquidator, of the Bank of Bay Biscayne, a Flor-
ida corporation, *Appellee.*

148 So. 204.
Opinion filed May 1, 1933.
Re-hearing denied May 24, 1933.

Otto C. Stegemann, for Appellant;

Redfearn & Ferrell, for Appellee.

DAVIS, C. J.—This was a suit in equity brought by the purchaser of property at a former. mortgage foreclosure sale, seeking the foreclosure of the mortgage against Matilda F. Burbridge, the appellant, who had not been made a party defendant in the first foreclosure. The appeal was taken from an interlocutory order striking out certain portions of the defendant's answer to the re-foreclosure bill. Under the rule prevailing here with respect to appeals from interlocutory orders in chancery, only the matters of law involved in the order appealed from are before us for consideration. City of Palmetto v. Katsch, 86 Fla. 506, 98 Sou. Rep. 352.

The eliminated portion of the answer attempted to set up that several years after the execution of the mortgage

being reforeclosed, that appellant, Matilda F. Burbridge, pursuant to an oral agreement between her and the owner of the fee then under mortgage, but without any showing of an agreement or knowledge of such agreement by the mortgagee, had placed upon the mortgaged land a certain cottage, a light frame structure, easily removable from the mortgaged premises, the understanding between appellant and the fee owner at the time being that said cottage should not become a fixture to the realty, but should remain the property of appellant, removable at her pleasure, said cottage having been placed on the mortgaged land and kept continuously in the possession of the said appellant during the original foreclosure proceeding and since that time.

It is held by the great weight of authority in this country that a subsequent purchaser or mortgagee of land without notice of an agreement with the owner that an annexation thereto shall not become a fixture is not bound by such agreement, being entitled to the thing annexed as apparently forming a part of the land. Cochrane v. McDermott Adv. Agency, 6 Ala. App. 121, 60 Sou. Rep. 421; Prince v. Case, 10 Conn. 375, 27 Am. Dec. 575; Equitable Guarantee & Tr. Co. v. Knowles, 8 Del. Ch. 106, 67 Atl. Rep. 961; Smyth v. Stoddard, 203 Ill. 424, 67 N. E. Rep. 980, 96 Am. St. Rep. 314; Stillman v. Flenniken, 58 Iowa 450, 10 N. W. Rep. 842, 43 Am. Rep. 120; Rowand v. Anderson, 33 Kan. 264, 6 Pac. Rep. 255, 52 Am. Rep. 529; Andover v. McAllister, 119 Me. 153, 109 Atl. Rep. 750; Southbridge Sav. Bank v. Stevens Tool Co., 130 Mass. 547; Pabst v. Ferch, 126 Minn. 58, 147 N. W. Rep. 714, L. R. A. 1915-E 822; Union Centl. Life Ins. Co. v. Tillery, 152 Mo. 421, 54 S. W. Rep. 220, 75 Am. St. Rep. 480; Schmuck v. Beck, 72 Mont. 606, 234 Pac. Rep. 477; James Leo Co. v. Jersey City Bill Posting Co., 78 N. J. L. 150, 73 Atl. Rep. 1046; Muir v. Jones, 23 Ore. 332, 31 Pac. Rep. 646, 19 L. R. A.

441; Allen v. Selman (Texas Civ. App.), 10 S. W. (2nd) 173; Powers v. Dennison, 30 Vt. 752. But it is also held that a purchaser or subsequent mortgagee of land with knowledge of an agreement that an article attached to the realty shall remain personal property takes subject to such agreement and cannot claim the article annexed. Workman v. Henrie, 71 Utah 400, 266 Pac. Rep. 1033, 58 A. L. R. 1346.

The right which the complainant describes and undertakes to assert in the bill to re-foreclose the mortgage is, as against the defendant, Matilda F. Burbridge, an interest in a house considered as part of the mortgaged realty. The contention made by Mrs. Burbridge in her answer in opposition to complainant's asserted right to the house as realty is, that the house referred to, and described in the answer, was not annexed to, nor a part of, the mortgaged realty, by reason of the fact that it was an improvement of a moveable character, erected on the mortgagor's land under an agreement that it should *remain* personalty, not that as a structure already there, it should be by agreement severed from the realty so as to *become* personalty.

The issue, as just stated, was tendered by the bill of complaint. And as tendered by the bill, the issue on this point was accepted by the defendant who alleged in her answer as follows:

"Further answering said bill of complaint, she says that the said cottage is a light, frame structure, resting upon temporary piers under which there is no footing, and the said structure is removable from the premises by means of rollers in a period of time not to exceed two hours, and such removal would be without any excavation in the soil and injury thereto; said cottage was erected on said lot by her for her own home with her own means under an agreement by and between her, of the one part, and Burbridge

Realty Company, a corporation, of the other part, the then owner of the said lot, in, to-wit, the year 1929, under the terms of which agreement it was understood by and between the parties thereto that the said cottage was not to become a fixture to the realty but was to remain her property, removable by her at her pleasure; and, since the completion of said cottage, in, to-wit, the month of December, 1929, she has always occupied, and still occupies, the same as her own home, continuously, adversely, exclusively, openly and notoriously, under her own exclusive right aforesaid, and hostile, to all the world."

Now it is undoubtedly the general rule that a *building* put upon mortgaged land by the consent of the mortgagor, and without the consent of the mortgagee, becomes a part of the mortgaged realty. 11 R. C. L. 1084. And also that fixtures and structures actually or constructively annexed to the realty after execution of a mortgage on the real estate, become a part of the mortgaged security, so that they, while the mortgage remains in force, cannot be removed or otherwise disposed of by the mortgagor, or by one claiming under him, without the consent of the mortgagee. Eckstrom v. Hall, 90 Me. 186, 38 Atl. Rep. 106-107. But it is also true that a house, cottage or other structure of a movable character, may be so placed or erected as to be and remain *ab initio* not a part of the realty, but personalty. Harris v. Powers, 57 Ala. 139; Foster v. Mabe, 4 Ala. 402; Roberts v. Caple, 8 Ala. App. 444; 62 Sou. Rep. 343; Clements v. Morton, 200 Ala. 390, 76 Sou. Rep. 306.

Whether a building that has been placed upon mortgaged land without the knowledge or consent of the mortgagee, shall be treated as having become a part of the mortgaged land by reason of its having thereby become an accretion to the mortgaged realty, or whether such building shall be

regarded simply as a severable erection, capable of being later removed before the mortgage is foreclosed, because its removal does not depreciate the value of the mortgage security as that security existed at the time when the mortgage was given, depends upon whether or not the building as placed or erected, is of such character that it may be inferred from the character of the structure or from the circumstances of its erection that it was placed on the mortgaged land with the intention of having it permanently remain thereon. Structures appearing to have been so erected or placed as to have become *ab initio* a part of mortgaged realty, cannot be removed or severed thereafter, without the mortgagee's consent, notwithstanding the fact that they may have become annexed to the land pursuant to an agreement with the mortgagor that they should at all times thereafter, be removable as personalty. Greenwald v. Graham, 100 Fla. 818, 130 Sou. Rep. 608; Seedhouse v. Broward, 34 Fla. 509, 16 Sou. Rep. 425.

All buildings and other fixtures actually or constructively annexed to the freehold become a part of it, and inure to the benefit of those who are entitled to it; both to a mortgagee as an increased security for his debt, and to a mortgagor to the same extent, as embracing the value of his equity of redemption. A building actually or constructively annexed to mortgaged land without the consent of the mortgagee, may be sold by him as a part of the mortgaged property, and his right is not affected by the fact that the building was erected under an agreement with the mortgagor that it should be and remain the personal property of the party erecting it. The right of the mortgagee to sell the building under foreclosure sale as part of the mortgaged property, cannot be affected by agreements in regard to it, to which the mortgagee was not a party, nor by notice of the claims of others given to the purchaser at

foreclosure sale. Meagher v. Hayes, 152 Mass. 228, 25 N. E. Rep. 105, 1 Jones on Mortgages (8th Ed.) pp. 685-686.

But the legal proposition to the effect that the owner of mortgaged realty may not, by agreement, *sever* a building or fixture already made a part of mortgaged realty, thereby converting it into personalty, without the consent of the mortgagee, or that the owner of mortgaged realty may not, as against his mortgagee, consent to the affixation of a building, or the annexation of a fixture, to the mortgaged land without having the building affixed, or the fixture annexed, become a part of the mortgaged land security, is essentially different from the legal proposition involved in a case where a frame building, easily removable and belonging to a third party is, by virtue of an express preliminary or contemporaneous understanding or agreement with the mortgagor, but not with the mortgagee, merely placed on the mortgaged land, under such circumstances that it cannot be conclusively regarded as annexed thereto as a matter of law. It is well recognized that the nature of a structure viewed in connection with a preliminary or contemporaneous agreement for its erection, may justify the conclusion that the structure as agreed to be placed and actually set up never in the first instance becomes a part of the realty, because of the understanding by reason of which it is so placed and maintained as to at all times continue to be personal property.

To recognize the last mentioned rule is not to deny the force of the general rule that all buildings or other property belonging to a mortgagor or to third parties, which the mortgagor or such third parties choose to *annex* to the mortgaged premises become realty by reason of the annexation alone. If annexation to the realty has actually or constructively taken place, any agreement or understanding

between mortgagor and a third party that the annexed thing shall continue to be considered as personalty, or regarded as severed, or understood to be subject to future severance from the freehold, without the consent of the mortgagee, is unenforceable and will not be recognized as against the mortgagee's rights to foreclose his mortgage against the land and its annexed improvements.

But on the other hand there can be no doubt as to the right of an owner in possession of a piece of land, after mortgaging his realty to one party, to enter into a subsequent contract or agreement with another, by which the latter is merely to place or establish a movable house, piece of machinery, or any other personal property on the mortgaged land, without having the same *become* at any time a part of the mortgaged realty. Such right on the part of the owner of mortgaged land is but the right on his part to enter into and have recognized an agreement or understanding for the use of the mortgaged land in the mortgagor's possession by contracting that movable houses, pieces of machinery or other personal property placed thereon but not annexed thereto, shall *remain* the personal property of the person so erecting or placing same on the mortgaged land and accordingly removable by him. This is so, because under an agreement of that kind, the mortgagee's security could not be impaired by such subsequent understanding, nor the house, piece of machinery or other personal property covered by the agreement be so affixed to the realty as to render it incapable of removal without detriment to the lands subject to the mortgage. Roberts v. Caple, 8 Ala. App. 444, 62 Sou. Rep. 343; Warren v. Liddell, 110 Ala. 232, 20 Sou. Rep. 89; Campbell v. Roddy, 4 N. J. Eq. 244, 14 Atl. Rep. 279; Kelly v. Austin, 46 Ill. 156; Holt v. Henley, 232 U. S. 637, 34 Sup. Ct. 459, 58 L. Ed. 767; Detroit Steel Cooperage Co. v. Sisterville Brewing

Co., 233 U. S. 712, 34 Sup. Ct. 753, 58 L. Ed. 1166; Clements v. Morton, 200 Ala. 390, 76 Sou. Rep. 306; Harkness v. Russell, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. Ed. 285; Broaddus v. Smith, 121 Ala. 335, 26 Sou. Rep. 34; 11 R. C. L. 1084.

But a building erected on land, whether the land be mortgaged or not, is *prima facie* at least, *presumed* to be an accession to the land. "Nothing, perhaps, could be considered in its character more permanent and more of a fixture, and as forming a part of the realty, than a house or building erected on the land, and yet a house may, by contract of the parties, become a chattel, with right of removal." Broaddus v. Smith, 121 Ala. 335, 26 Sou. Rep. 35. At common law, land includes all buildings of a permanent character standing thereon, and, as between vendor and vendee, without notice that such buildings belong to some other person, they pass with the land. Union Cent. Life Ins. Co. v. Tillery, 152 Mo. 421, 54 S. W. Rep. 220.

Furthermore, an agreement by a land owner that another shall have the right, or a license, to erect on his land, buildings of any kind which are to be and remain personalty, nevertheless requires a right to hold the land on which the building is to stand, and to enter upon such land for the purpose of using and occupying that portion of the land upon which the building is placed, so long as the building is to stand thereon. It also involves a license on the part of the owner of the building, to enter upon the land for the purpose of removing it therefrom, when the right to use the land as a *situs* for the building has terminated or been extinguished. Prince v. Case, 10 Conn. 375, 27 Am. Dec. 675; Blake-McFall Co. v. Wilson, 98 Ore. 626, 193 Pac. Rep. 902.

Although the legal effect of erecting a building upon the mortgaged land of another, so as to avoid its becoming a

part of the realty, when of a movable or temporary character, may be controlled by agreement of the parties, as between themselves and those who have knowledge of such agreement, yet a mere parol agreement on this subject cannot be sustained or held binding upon a purchaser of the land at a foreclosure sale, where the purchaser under the decree of foreclosure had no notice of the parol agreement under which the structures were placed on the land. Muir v. Jones, 23 Ore. 332, 31 Pac. 646; Schmuck v. Beck, 72 Mont. 606, 234 Pac. Rep. 477. This is so because in the absence of notice to the contrary, all buildings found to have been erected on land may be presumed, by those who have subsequent dealings with the freehold, to have been intended to become, and to have become, accessions to the realty whose ownership will follow the title to the land.

In the case at bar the claim of the appellant interposed in her answer was properly stricken by the Chancellor for at least two good reasons: (1) There was no showing in the answer that the purchaser at the foreclosure sale, who was entitled to regard the master's deed to the land as sufficient to convey to him all the buildings appearing situate on it at the time, had any notice actual or constructive, of appellant's individual and separate claim to the house in controversy; (2) appellant's alleged right to enter and remove the house, even as a temporary or removable structure, terminated with the mortgagor's right to the possession of the mortgaged land on which the house has heretofore stood, and the right of removal cannot now be exercised without the consent of the purchaser to whom the title and right to possession of the land has passed under the foreclosure decree. Pabst v. Ferch, 126 Minn. 58, 147 N. W. Rep. 714.

In this case appellant's alleged agreement for the erection and removal of the house now being claimed was admit-

tedly with a known mortgagor whose mortgage was, at that time, of record. Whatever right appellant acquired to enter upon or to use the mortgaged land as a *situs* for the house terminated with the extinction of the mortgagor's right of possession of the mortgaged land, whether appellant was a party to the suit for foreclosure or not. Reforeclosure is only appropriate or necessary now in order that the apparent adverse claim of the appellant to further right of entry upon or use of the *land* sold under the mortgage may be ascertained, and decreed to have been acquired in subordination to the mortgage, and cut off.

The order appealed from was correct and should be affirmed for the reasons hereinbefore set forth and it will be so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., disqualified.