SHANNON, Acting Chief Judge.
By stipulation of the parties, this case has been consolidated with Consumers Utilities Corporation etc. v. Klemmer et al., Fla.App., 167 So.2d 338, for purposes of filing briefs and oral arguments.
The sole question presented is whether water and sewer pipes or mains, located in the streets and along the utility easements of certain subdivisions, can be assessed and taxed as tangible personal property. The trial court ruled in the affirmative and' entered a final summary judgment in favor of the County Commissioners, Tax Assessor and Tax Collector of Manatee County.
Fla.Stat., Sec. 200.01, F.S.A., defines; tangible personal property in the following manner:
“200.01. Definition of tangible personal property. — 'Tangible personal property’ shall include all goods, chattels, boats, vessels, vehicles (except motor vehicles), animals and other articles of value capable of manual possession and whose chief value shall consist of the thing itself and not what it represents. The words ‘personal property’ as used in this chapter shall be synonymous with ‘tangible personal' property.’ ”
The appellants contend that water and sewer mains and pipes are not “capable of manual possession,” and therefore could not be classified as tangible personal property under the above statute. They further contend that the pipes are fixtures and have thus become part of the real property. We do not think these contentions can be sustained since the appellants always intended to, and do retain possession, ownership, and control of the pipes for all of the purposes for which they were manufactured, and for the purposes of repairing and replacing the same.
In Burbridge v. Therrel, 1938, 110 Fla. 6, 148 So. 204, our Supreme Court recognized that structures annexed to land do not necessarily become part of the realty. The Court stated:
“It is well recognized that the nature of a structure viewed in connection with a preliminary or contemporaneous agreement for its erection, may justify the conclusion that the structure as agreed to be placed and actually set up never in the first instance becomes a part of the realty, because of *338 the understanding by reason of which it is so placed and maintained as to at all times continue to be personal property.”
In some jurisdictions, the legislatures have enacted statutes which classify this type of property as realty or personalty. The Florida Legislature has not spelled this out except for Sec. 200.01, Fla.Stat., F.S.A., quoted above. However, we do not think that the phrase “capable of manual possession” excludes the property in question. The fact that it would have to be removed from the ground in order to be possessed manually is of little consequence in view of the complete control which the appellants retain over the pipes.
In Standard Motors Finance Company, Inc. v. Central Farmers Trust Company, 1934, 117 Fla. 217, 157 So. 520, the issue was whether a mortgagee of an office building could foreclose on a sprinkler system which had been installed in the building, title to the system having been retained by the vendor. Recognizing that removal of the sprinkler system would require ripping apart the walls and floors, the court held that the sprinkler system still retained its character as personalty.
In 1962 the attorney general rendered an opinion to the state comptroller in reply to two questions. The questions were whether sewer and water systems maintained for compensation were subject to ad valorem taxation, and if so, should they be assessed as real or personal property? The attorney general, in Opinion No. 062-91, 1961-1962 Report of the Attorney General, states that this property “should be considered as tangible personal property subject to taxation in the taxing district or area wherein such mains and pipe lines are located.”
In 57 A.L.R. 869-877 are collected cases from other jurisdictions, some of which find that this type of property should be taxed as realty, others coming to the conclusion that it should be taxed as personalty. While some of the courts applied general rules as to fixtures, others based their result on tft£ legislative intent to be deduced from the taxing statute. In view of the foregoing discussion, the application of either theory, the law of fixtures, or the legislative intent, leads us to conclude that these water and sewer pipes and mains are personal property subject to taxation.
' Affirmed.
WHITE, J., and WILLIAMS, O. EDGAR, Jr., Associate Judge, concur.