289 So.2d 32 (1974)
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF OKALOOSA COUNTY, Appellant,
v.
Brison L. STOVALL et al., Appellees.
No. T-43.
District Court of Appeal of Florida, First District.
January 31, 1974.
Ben L. Holley, Barrow & Holley, Crest-view, for appellant.
John R. Dowd, Wimberly & Dowd, Fort Walton Beach, for appellees.
SPECTOR, Judge.
Appellant sued Brison Stovall and his wife to foreclose a mortgage on property which the Stovalls had bought subject to the mortgage held by appellant. Appellant included appellee, Sears, Roebuck and Company, in the suit, alleging that Sears had removed property from the premises which was part of the security for the debt owed appellant and seeking damages for its wrongful removal. The property in question consisted of a hot water heater, sink and plumbing attachments, countertop and backsplash, dishwasher, disposal unit, lights, cabinets, range hood and drop-in range, all of which was bought from Sears, Roebuck and Company pursuant to a conditional sales contract. The sales contract stated that title to the equipment was retained by Sears and that the property was to remain personalty. The equipment was installed in the mortgaged premises to replace existing kitchen equipment. The mortgage instrument contained a clause by which the mortgage was to cover all improvements or fixtures installed on the premises after the mortgage was executed.
The question thus presented to the trial court by the parties was whether the kitchen equipment was fixtures or personalty. The court decided upon the evidence presented that it was personalty and that Sears had therefore not wrongfully repossessed the equipment upon failure to receive *33 the required payments under the conditional sales contract.
The issue now before this court is whether there was sufficient evidence upon which the lower court could have found the items to be personalty. We frame the issue thusly after reviewing the opinion of the Third District Court of Appeal in Corbett v. Appliance Buyers Credit Corp., 172 So.2d 257 (Fla.App. 1965). The trial court in that case had held that an air conditioning unit was personalty because of a clause stating that it was to remain as such. The trial judge in Corbett held that the mortgagee of the real property was bound by this contract provision entered into by the conditional vendor and vendee. The Corbett Court, relying on Burbridge v. Therrell, 110 Fla. 6, 148 So. 204 (1933), reversed, holding that a mortgagee could not be bound by an agreement, relating to the character of the property as personalty, between the mortgagor and a third party unless the mortgagee consents.
However, the court in Corbett also held that even though the agreement alone was insufficient to prove or establish that an item was personalty, this did not mean that an item was not in fact personalty. The court went on to state that as between a mortgagee and either party to the sales contract, the question of whether the property in issue is personalty or fixtures is not one of contractual agreement but rather one of fact for determination by the jury or the judge sitting as the trier of fact.
In the case sub judice, the court reporter lost the transcript of testimony and this court must review a stipulation of facts entered into by the parties in order to make a determination. There is nothing in the stipulation of facts which would indicate that there was an absence of evidence upon which the court could have found the subject items to be personalty. On the contrary, the lower court in its final judgment holding the items to be personalty states that there was no evidence of intent to "make the annexation a permanent accession to the freehold". Since the intention of the party making the annexation has been held to be a primary test in determining whether an article is a fixture, a finding of no evidence of intent requires a ruling that the articles were in fact not fixtures, Commercial Finance Co. v. Brooksville Hotel Co., 98 Fla. 410, 123 So. 814; Wetjen v. Williamson, Fla.App., 196 So.2d 461.
The appellant in the case at bar has failed to show that there was no evidence upon which the court could find the subject items to be personalty. The appellant having failed to demonstrate reversible error, the judgment is accordingly affirmed.
WIGGINTON, JOHN T. and CREWS, JOHN J., Associate Judges, concur.